591 P.2d 987

**Arizona BEASON, Plaintiff-Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Defendant-Appellee.**

**No. 2 CA–CIV 2929.**

Court of Appeals of Arizona, Division 2.

Jan. 4, 1979.

Rehearing Denied Feb. 14, 1979.

Review Denied March 6, 1979.

**500**

Southern Arizona Legal Aid, Inc. by Leslie A. Nixon, Tucson, for plaintiff-appellant.

John A. LaSota, Jr., Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, Harland E. Carey, Law Student Certified Pursuant to Rule 28(e), for defendant-appellee.

## OPINION

HATHAWAY, Judge.

Appellant appeals from a superior court judgment affirming the Arizona Department of Economic Security's (hereinafter DES) decision to terminate her vocational rehabilitation benefits. We affirm.

The Division of Vocational Rehabilitation (hereinafter DVR), a department of DES, provides services to eligible disabled persons to assist them to become economically productive. DVR implements the Rehabilitation Act of 1973, 29 U.S.C.A. Sec. 701 (1975). It is authorized to provide rehabilitation services only if there is "[a] reasonable expectation that vocational rehabilitation services may benefit the individual in terms of employability." 45 C.F.R. Sec. 1361.33(b)(2). DVR must consult with the handicapped person prior to termination of services; termination is justified only if DVR demonstrates beyond any reasonable doubt that the handicapped person is not capable of achieving a vocational goal. 45 C.F.R. Sec. 1361.39(e).

Appellant is an amputee with other long-standing health problems, including obesity, diabetes and cardiac-circulatory disorders. After accepting appellant as eligible for rehabilitation services DVR, with appellant's consent, began a costly attempt to fit her with an artificial limb and train her to use it. DVR continued its efforts because it assumed that appellant had to become ambulatory to be employable. Appellant failed to become ambulatory, in part because she continued to gain weight and failed to keep physical therapy appointments owing to her poor health.

Because of this failure, DVR initiated a comprehensive evaluation of appellant's rehabilitation potential. Diagnostic testing revealed that appellant was on the borderline of mental retardation. It was felt that she could only function in a sheltered workshop under close supervision. The vocational evaluator reported that appellant needed remedial education, physical and occupational therapy, and personal counseling, that the artificial limb purchased for her was inadequate and a final decision should

be made as to whether efforts to make appellant ambulatory should continue, and that vocational goals should include work involving use of appellant's hands from a wheel chair.

DVR continued to encourage appellant to become ambulatory and began teaching her basic reading and arithmetic. It discontinued the remedial education because of appellant's absenteeism. Prior to terminating appellant, DVR indicated in a letter to her that with her cooperation, she could develop the skills necessary to become a receptionist.

A complaint by appellant to the DES director triggered a review of her case. At this point, DVR had spent over $10,000 to rehabilitate appellant without appreciable success. Without consulting with appellant, DVR terminated services. After a full administrative hearing, DES adopted this decision.

■ The scope of review is limited to whether the DES decision is arbitrary, capricious or an abuse of discretion. *Eschelman v. Blubaum,* 114 Ariz. 376, 560 P.2d 1283 (App.1977). Appellant claims the decision was arbitrary and capricious for the following reasons: (1) DVR terminated her because she complained to the DES director and (2) DVR terminated her without full consultation with her and without showing beyond a reasonable doubt that she is incapable of achieving a vocational goal.

■ Although the decision to terminate appellant followed her complaint, she was not terminated because she complained. DVR terminated her because it concluded that, beyond a reasonable doubt, its services would not enhance her employability.

■ DVR must consult with the handicapped person before terminating services. 45 C.F.R., supra. DVR terminated appellant without consulting her. Without condoning this failure, we disagree that it renders this termination arbitrary or capricious. The administrative hearing, which afforded appellant a full opportunity to present her case, cured this defect.

■ To justify a termination, DVR must show beyond a reasonable doubt that

its services will not help appellant reach a vocational goal. 45 C.F.R., supra. If the evidence supported no more than the conclusion that DVR services would not aid appellant to become ambulatory, termination would be arbitrary and capricious because there would be a reasonable doubt as to whether DVR services would help appellant reach a more modest vocational goal, such as receptionist or assembly worker. But the evidence supports the broader conclusion that at this time DVR services would not aid appellant in reaching any vocational goal. Such evidence includes appellant's motivational problems, including absenteeism, weight gains, and chronic complaining, the psychologist's report that appellant is not employable in any capacity at this point, and the skill center's decision to stop remedial education. We find no abuse of discretion.

Affirmed.

HOWARD, J., and RICHMOND, C. J., concurring.