619 P.2d 1070

Angie THOMPSON, Plaintiff–Appellant,

v.

The ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency; and Franklin Pharmacy, Defendants–Appellees.

No. 1 CA–UB 040.

Court of Appeals of Arizona,
Division 1,
Department C.

Nov. 13, 1980.

Angie Thompson, plaintiff–appellant in pro per.

Robert K. Corbin, Atty. Gen. by J. David Rich, Asst. Atty. Gen., Phoenix, for defendant–appellee, Arizona, Dept. of Economic Sec.

George O. Franklin, Franklin's Pharmacy, defendant–appellee employer in pro per.

## OPINION

O'CONNOR, Judge.

This is an appeal from a decision of the unemployment insurance appeals board of the Arizona Department of Economic Security which determined that appellant voluntarily quit her employment without good cause and, therefore, was not entitled to unemployment benefits.

On June 29, 1979, appellant, Angie Thompson, quit her employment with appellee, Franklin Pharmacy. She filed a claim for unemployment benefits. In an eligibility investigation made by the Department of Economic Security, a deputy determined that appellant was disqualified for benefits because she had voluntarily quit her employment without good cause. Appellant appealed to an appeal tribunal of the Department of Economic Security. After an evidentiary hearing, the appeal tribunal reversed the deputy's determination and found that appellant was entitled to benefits. The deputy, pursuant to A.R.S. § 23–672(C), appealed the decision of the appeal tribunal to the unemployment insurance appeals board. That body, after reviewing the record, reinstated the deputy's original determination that appellant had voluntarily quit her job without good cause. Appellant filed a timely notice of appeal to this Court pursuant to A.R.S. § 41–1993.

The unemployment insurance appeals board is empowered to take additional evidence in a case appealed to it from the appeal tribunal, or may affirm, reverse, modify or set aside the decision of the appeal tribunal on the basis of the record in the case. A.R.S. §§ 23–672(C); 23–674(B); *Wallis v. Arizona Department of Economic Security*, 617 P.2d 534 (Ariz.App.1980). This Court, however, does not sit as a trier of fact in the review of administrative determinations, and will affirm the decision of the administrative agency unless it is arbitrary, capricious, or an abuse of discretion. *Arizona Department of Economic Security v. Magma Copper Co.*, 125 Ariz. 27, 607 P.2d 10 (App.1979), *vacated on other grounds*, 125 Ariz. 23, 607 P.2d 6 (1980); *Beason v. Arizona Department of Economic Security*, 121 Ariz. 499, 591 P.2d 987 (App.1979); *Beaman v. Aynes*, 96 Ariz. 145, 393 P.2d 152 (1964).

Appellant argues on appeal that the pharmacy in which she was employed expanded during the period of her employment, yet she was given no increase in wages and no additional employees were hired to share the workload. She states that she requested a raise, which was denied, and she left her employment.

A.C.R.R. R6–3–50500(D) provides:

A worker who quits solely because his employer has refused to grant him a pay increase leaves work voluntarily without good cause in connection with his employment; unless:

    a. He had been assigned to more responsible duties normally carrying a higher rate of pay for longer than a temporary short period of time; and

    b. He attempted to adjust his grievance before leaving.

■ There is no evidence in the record that appellant was assigned to more responsible duties normally carrying a higher rate of pay. Also, there is no evidence in the record to support the assertion that the pharmacy expanded during the period in question. This court is limited to considering evidence which was presented to the trier of fact.

Appellant also argues in her opening brief that she was replaced by a full–time employee and a part–time employee. We agree with the unemployment insurance appeals board that the record does not reflect that such was the case. Rather, it appears that appellant was replaced by one full–time employee who was paid less per hour than appellant, and that a high school student was hired to work part–time on weekends to prepare for the holiday season.

Although appellant also argues that she waited several months for her employer to give her the desired raise, this allegation is not reflected in the testimony. Rather, it appears that appellant may have waited for a time before requesting a raise, and then immediately quit her employment when the request was denied. A.C.R.R. R6–3–50210 (C) requires that the employee must not quit impulsively and must attempt to adjust the grievance in order to establish "good cause" for leaving the employment. Accordingly, we must affirm the finding of the appeal board that appellant left her job voluntarily without good cause insofar as the claim of denial of a pay increase is concerned.

Finally, appellant argues on appeal that the appeals board failed to consider an issue which had been raised by appellant both at the deputy level and at the level of the appeal tribunal. The additional issue is that appellant also left her job because her employer regularly failed to pay her on time. In the unemployment insurance separation questionnaire prepared by appellant when she made her claim for benefits, she stated:

I resigned from my job because I was not paid on time or on schedule which was every two weeks. Just about every payday, I did not get my check when I was supposed to; and if I did, I would have to hold it without cashing it for a few days until there was enough money in the bank account so I could cash it. I have scheduled responsibilities and I could not meet them the way I was getting paid.

No questions were asked at the appeal tribunal hearing concerning the allegation of late payment of wages. The employer did not appear at the hearing. After the hearing, the hearing officer wrote a letter to the employer asking for certain relevant information. He also wrote to the appellant, advising her of the employer's response and giving her an opportunity to respond in writing. Appellant responded by letter which stated in part:

But, Mr. Baum, this is not my main concern. As I stated before on the DES form that I originally completed, I stated that I was not getting paid on time which caused hardships when I could not meet my obligations on time. This to me, as I think it is to many people, is very crucial.

The letters sent after the hearing by appellant and her employer were part of the evidence considered by the appeal tribunal. Neither the determination of the appeal tribunal nor of the appeals board refers to the appellant's claim concerning the late payment of wages.

■ There is no issue raised by the parties in the briefs on appeal concerning the authority of the appeal tribunal to elicit additional information after the adjournment of a hearing in the manner followed in this case, and, therefore, we express no opinion concerning it. It is clear, however,

that neither the appeal tribunal nor the appeals board considered the appellant's claim that she left her employment because her wages were not paid when due. Appellant did not waive the issue at any level of consideration by the administrative agency. Her original claim, her letter to the appeal tribunal hearing officer, and her brief on appeal all raise the issue of the alleged late payment of wages.

A.C.R.R. R6-3-50500(C)(2) provides:

A worker has the right to receive his wage in the proper amount and when due. It would be unreasonable to expect him to continue working unless he is reasonably certain of being paid for his services. Thus a claimant would leave with good cause connected with his work; when:

a. The employer is repeatedly late paying his wages; . . . .

The matter is remanded to the unemployment insurance appeals board for consideration of the issue of whether appellant's wages were paid in an untimely manner and, if so, whether such untimely payment constituted good cause for appellant's voluntary departure from her employment.

OGG, P. J., and DONOFRIO, J., concur.