644 P.2d 292

**Robert ROGERS, Appellant,**

**v.**

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency; Hintze Construction Co., Inc., Appellees.**

**No. 1 CA–UB 244.**

Court of Appeals of Arizona,
Division 1, Department C.

April 15, 1982.

Law Offices of Jerome J. Berkowitz by Jerome J. Berkowitz, Phoenix, for appellant.

Robert K. Corbin, Atty. Gen. by J. David Rich, Asst. Atty. Gen., Phoenix, for appellee Arizona Dept. of Economic Sec.

## OPINION

HAIRE, Judge.

This is an appeal from an Unemployment Insurance Appeals Board decision finding that the appellant-employee (claimant) voluntarily quit his employment without good cause and thus was disqualified from receiving unemployment insurance benefits. The claimant's primary contention is that the appeals board erred in holding that he was bound by a report issued by the Occupational Safety and Health Division of the Industrial Commission concerning the condition of an allegedly unsafe piece of equipment owned by the appellee-employer. He urges that in making its decision the appeals board placed sole and exclusive reliance on the report for the resolution of factual issues faced by the board. Claimant also urges that the appeals board erred in substituting its factual determinations for those made by an appeal tribunal of the Arizona Department of Economic Security, which had found in his favor. The procedural and factual background necessary for determination of these issues is as follows.

Claimant was employed as a heavy equipment operator by Hintze Construction Co., Inc. (employer). He primarily operated a skip-loader grading tractor. On the Friday preceding the week of his separation from employment, the tractor which he normally operated was taken out of service for repair. The following Monday, he was assigned another tractor and told to drive it from the equipment yard to the job site, as was commonly done. Claimant testified that the tractor was not steering properly and that he almost struck another vehicle while en route. He returned to the employer's premises and reported the problem to his supervisor. The supervisor related the complaint to the equipment manager who examined the steering mechanism and tested the tractor on the employer's premises and on an adjacent unpaved road. The equipment manager concluded that the tractor had no steering problems, but that there was a minor amount of play in a ball joint in the steering mechanism. When claimant returned to the yard the next morning, he was told that the tractor had no steering problems and was directed to drive it to the job site, as he had started to do the previous day. He protested, and was told that he should either follow instructions or go home. He then quit. Thereafter, the tractor was operated for approximately one week by another employee without any steering complaints. Later, during a period when the tractor was not needed for work purposes, the ball joint in the steering mechanism was replaced. Further relevant facts will be set forth as required.

Unemployment compensation claims are subject to a three-stage determination procedure within the Arizona Department of Economic Security. After the claim is initially submitted, a department deputy examines the claim, and on the basis of the facts found by him, determines the claim's validity and the amount and duration of benefits payable. A.R.S. § 23–773. A dissatisfied claimant or employer may appeal from the deputy's determination to a department appeal tribunal established pursuant to A.R.S. § 23–671. The appeal tribunal holds an evidentiary hearing and then makes its determination, which may be further appealed to the department's Unemployment Insurance Appeals Board. The appeals board decision constitutes the final agency determination. *See* A.R.S. § 23–672. Judicial review is available by direct appeal to Division 1 of the Arizona Court of Appeals. *See* A.R.S. § 41–1993.

In this case, upon the initial filing of the claim, the department's deputy determined that claimant had voluntarily left work with good cause in connection with the employment and therefore was eligible for unemployment benefits. This determination was appealed by the employer to the appeal tribunal and an evidentiary hearing was held. The appeal tribunal affirmed the deputy's determination. The matter was then appealed to the Unemployment Insurance Appeals Board, which, without taking additional evidence, reversed the decision of the appeal tribunal and found that the claimant had left work voluntarily *without good cause* and thus was not entitled to receive unemployment benefits. Claimant's appeal to this court then followed.

We first consider claimant's contention that the appeals board erred in giving conclusive effect to the report from the Occupational Safety and Health Division of the Industrial Commission. That report concluded that the particular tractor assigned to claimant on the date of his dismissal did not violate Occupational Safety and Health Division standards. The investigation by the Occupational Safety and Health Division of the Industrial Commission had been made pursuant to a complaint by claimant. The investigation, however, was made after claimant had quit, and after the ball joint in the steering mechanism of the tractor had been replaced. At the time of the investigation by the Occupational Safety and Health Division the replaced ball joint had not been discarded and was examined by the investigators.

Claimant contends that the board's overruling of the appeal tribunal's decision was based upon the board's conclusion that claimant was conclusively bound by the Occupational Safety and Health Division report. On appeal, claimant does not contend that the report was not competent and relevant evidence. He recognizes that in some situations a report of this nature might be entitled to great persuasive value. He urges that here, however, its persuasiveness would be less than usual because the Occupational Safety and Health Division's investigation and examination of the tractor steering mechanism did not occur until well after the tractor had been repaired. Thus the principal impact of claimant's argument before this court is that, even though the report was admissible and had limited evidentiary value, it could not be considered by the appeals board as conclusively binding against him so as to enable the appeals board to base its determination thereon without considering and weighing other evidence in the record.

The department's contention that claimant was bound by the Occupational Safety and Health Division report apparently is based upon one of its rules, A.C.R.R. R6–3–50235.D.1, which provides as follows:

"D. Risk of illness or injury

"1. If a claimant quits because of an established risk to his health or safety, he leaves with good cause in connection with the work. Such risk might be shown by the employer's failure to comply with government requirements concerning sanitation, temperature, ventilation, or safety regulations. This is a question of fact which should be determined upon information from appropriate governmental authorities."

While this rule might well be interpreted as making *relevant* a governmental report on an employer's compliance with the rule's stated requirements, it cannot be reasonably interpreted as making such governmental reports *conclusively* binding on the determination of a claim of the nature presented here. We would therefore reject as improper an appeals board decision based upon a determination that the Occupational Safety and Health Division's report was conclusively dispositive. It is not entirely clear from the decision of the appeals board in this case that it in fact gave conclusive effect to the report, even though the decision is subject to that interpretation. From a review of the record it is apparent that other competent evidence was presented which would have supported the appeals board's conclusion that claimant's voluntary quit was without good cause on his part. Because of our uncertainty concerning the

basis of the appeals board decision, however, we find it necessary to vacate its decision and remand the matter for a re-determination by the board. Upon remand the board may make its determination based upon the record presently before it, or it may, in its discretion, order the taking of additional evidence as authorized by A.R.S. § 23–672 C.

■ A final matter which must be discussed is claimant's contention that under the statutory scheme governing review of unemployment benefits claims, the appeals board must function in the traditional sense of an appellate court, and cannot substitute its resolution of factual controversies and credibility issues for the resolutions made by the appeal tribunal. No authority has been cited by claimant for his contention that the appeals board as the final decisional authority within the agency does not have the power to make final factual resolutions, and we are not persuaded that the position is sound.

A.R.S. § 23–672 C specifies the review powers of the Unemployment Insurance Appeals Board as follows:

"C. In any case in which a petition for review of an appeal tribunal decision has been filed by an interested party, the appeals board may affirm, reverse, modify or set aside the decision of the appeal tribunal on the basis of the record in the case or may order the taking of additional evidence."

Although we have not found any Arizona decisions which have expressly ruled on the authority of the appeals board to adopt its own findings of fact contrary to those adopted by an appeal tribunal, we hold that such authority may be reasonably inferred. The statute does not purport to limit the appeals board's broad review powers to questions of law. Also, the provision authorizing the board to order the taking of additional evidence indicates a statutory recognition that the board is not to be insulated from the fact-finding process.[1]

Support for our holding can be found in this court's interpretation of another statute having similar provisions governing final review within the Industrial Commission of workmen's compensation awards entered by the Commission's hearing officers. Under the provisions of former A.R.S. § 23–943,[2] the Commission was authorized to review "upon the record" awards entered by its hearing officers, and was given the authority to "affirm, reverse, modify or supplement the award. . . ." In interpreting the Commission's review powers under this statute, we held that the Commission had broad powers to review both the legal and factual basis of awards entered by its hearing officers, and was not bound by the findings of fact entered by them. *See Colvert v. Industrial Commission,* 21 Ariz.App. 409, 520 P.2d 322 (1974). Similarly, we hold that in unemployment benefit proceedings, the appeals board as the final reviewing power within the administrative agency is not bound by appeal tribunal findings resolving factual and credibility issues.

■ Much of claimant's brief on appeal contains a detailed discussion of the conflicting evidence presented below and arguments relating to the weight to be accorded to that conflicting evidence. Such arguments are not appropriately addressed to this court, since this court does not sit as a trier of fact in the review of appeals board decisions in unemployment benefit proceedings. *Thompson v. Arizona Department of Economic Security,* 127 Ariz. 293, 619 P.2d

---

1. The provisions of A.R.S. § 23–674 B are also particularly pertinent in that regard:

    "The tribunal and the appeals board may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs. . . . The tribunal and the appeals board may take notice of judicially cognizable facts and in addition may take notice of general, technical or scientific facts within its specialized knowledge. . . . The tribunal and the appeals board may utilize its experience, technical competence and specialized knowledge in the evaluation of the evidence presented to it."

2. The statutory reference is to the provisions of A.R.S. § 23–943 as set forth in Laws 1968, 4th Special Session, Chap. 6, § 17. The statute has since been substantially amended.

1070 (App.1980). Suffice it to say that we have reviewed the record in this case and find evidence from which the appeals board, depending upon its resolution of the facts, could reasonably have concluded that claimant's voluntary quit was either with, or without, good cause.

For the reasons previously stated, the decision entered by the appeals board is vacated, and the matter remanded for further proceedings consistent with this opinion.

EUBANK, P. J., and CONTRERAS, J., concur.