672 P.2d 978

Thomas J. PREBULA, Appellant,

v.

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency; and Phelps Dodge Corporation, New Cornelia Branch, Appellees.

No. 1 CA–UB 305.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 27, 1983.

Southern Arizona Legal Aid, Inc. by Craig Gordon, Tucson, for appellant.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee, Arizona Dept. of Economic Sec.

Evans, Kitchel & Jenckes, P.C. by Alvin H. Shrago, Linda L. Hudson, Phoenix, for appellee, Phelps Dodge Corporation, New Cornelia Branch.

## OPINION

OGG, Judge.

This is an appeal from an Unemployment Insurance Appeals Board decision finding that the appellant-employee is disqualified from receiving unemployment benefits. Appellant claims that the Appeals Board was not justified in making supplemental findings and corrections, claiming they were not supported by the record. Secondly, appellant claims the Appeals Board erred in finding that appellant's activities within a fraternal organization constituted misconduct sufficiently connected with his employment so as to disqualify him from receiving unemployment benefits. We disagree with appellant as to both claims.

We begin by briefly reviewing the facts. Appellant was employed by Phelps Dodge Corp. as the manager's secretary from August 10, 1961 to August 7, 1981. In this capacity his duties included typing, greeting visitors and answering the telephone. The record also indicates that he had access to substantial amounts of confidential company information. Apparently, appellant faithfully performed his duties for nearly twenty years.

On August 7, 1981, appellant was called into the office of Carl Forstrom, manager of the New Cornelia branch of Phelps Dodge Corp. Mr. Forstrom told appellant that he was concerned about rumors that appellant had embezzled money from the Ajo Elks Lodge, a fraternal organization of which appellant was the secretary. Appellant admitted to Mr. Forstrom that he was responsible for taking the money.[1] Appellant was then given the option of resigning or being fired. He chose resignation.

---

1. Appellant subsequently pled guilty to the crime of criminal simulation (A.R.S. § 13–2004), a class six felony. *State v. Prebula,* No. CR–06546, Pima County Superior Court (March 10, 1982). Appellant was placed on three years probation subject to the condition that he make restitution to Ajo Elks Lodge in the amount of $24,405.00.

Appellant subsequently applied to the Arizona Department of Economic Security (DES) for unemployment benefits. His request was denied upon a finding by a DES deputy that appellant was disqualified pursuant to A.R.S. § 23–775(2). Appellant then appealed the deputy's determination to a DES appeal tribunal. The tribunal reversed the deputy's determination, finding that appellant was discharged[2] for reasons other than misconduct connected with his work. Phelps Dodge appealed the tribunal's decision to the DES appeals board, claiming that the factual findings were not supported by the evidence and the decision was contrary to the applicable law. The appeals board reversed the appeal tribunal's decision, finding that appellant was discharged for misconduct connected with his work. The board adopted the appeal tribunal's findings of fact but also made supplemental findings and corrections.[3] Appellant's subsequent request for review was denied and he timely filed an application for appeal to this court pursuant to A.R.S. § 41–1993.

 As to appellant's contention that the appeals board was not justified in making supplemental findings and corrections, we find consideration of this issue is not properly before this court. A.R.S. § 41–1993 reads in pertinent part:

No issue may be raised on appeal which has not been raised in the request for review before the unemployment insurance appeals board.

Having reviewed appellant's request for review, we find no reference to appellant's newly raised contention. We are statutorily prohibited from considering this claim.[4]

Hence, the sole issue before this court is whether the appeals board erred in finding that appellant's discharge was for misconduct connected with his work such that he is disqualified from receiving unemployment compensation benefits.

Appellant was denied unemployment compensation benefits pursuant to A.R.S. § 23–775, which provides in pertinent part:

An individual shall be disqualified for benefits:

\* \* \* \* \* \*

2. For the week in which he has been discharged for *wilful or negligent misconduct connected with the employment,* and in addition to the waiting week, for the duration of his unemployment and until he has earned wages in an amount equivalent to five times his weekly benefit amount otherwise payable. (Emphasis added)

Wilful or negligent misconduct is described in A.R.S. § 23–619.01 which in pertinent part provides:

B. "Wilful or negligent misconduct connected with the employment" includes,

---

2. Pursuant to A.C.R.R. R6–3–51135, appellant's resignation is considered a discharge for the purposes of these proceedings.

3. The supplemental findings and corrections of the appeals board are as follows:

1. The first two sentences of the second paragraph are amended to read: "In response to the manager's inquiry regarding the rumors about the Claimant causing a shortage of $7,000 to $40,000 at a local fraternal organization were true. The Claimant admitted causing the shortage, although the exact amount was unknown." The following sentence is added: "The Claimant stated that he had admitted his guilt to a member of the Sheriff's Department who had visited him the night before."

2. The Claimant's position as secretary to the manager was so closely related to the management of the company that his off-duty actions could reasonably have a substantial adverse effect on the Employer's interest.

3. The Claimant's alleged theft involved a substantial amount of money. The Employer concluded that the Claimant's actions had a substantial adverse effect on the Employer's interest, reputation and public trust.

4. Although we hold that this claim is not properly before this court, we do note that the supplemental findings and corrections of the appeals board (*see* n. 3 *supra*) are supported by the record. We also note that the appeals board is *not* bound by the factual findings of the appeal tribunal and may make additional or contrary findings of fact. *See* A.R.S. § 23–672(C); *see also,* A.R.S. § 23–674(C).

but under no circumstances is limited to the following:

\* \* \* \* \* \*

6. *Admission* of or conviction for *any felony or crime* related to the employer's business or to the employment or which *could have a substantial adverse effect on the employer's interest, public relations or trust,* unless the employer had actual knowledge of such admission or conviction at the commencement of the employment. (Emphasis added)

The DES policy rules define misconduct as follows:

a. "Misconduct connected with the work" means any act or omission by an employee which constitutes a material or substantial breach of the employee's duties or obligations pursuant to the employment or contract of employment or which *adversely affects a material or substantial interest of the employer.*

b. American Jurisprudence defines "Misconduct Precluding Payment of Unemployment Insurance" as follows: "Misconduct within the meaning of an unemployment compensation act excluding from its benefits an employee discharged for misconduct must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, *a disregard of standards of behavior which the employer has the right to expect of his employee,* or negligence in such degree or recurrence as to manifest culpability, wrongful intent, or evil design, or show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to the employer." (Emphasis added)

A.C.R.R. R6–3–5105(A)(1).[5]

The case at bar concerns misconduct while away from the job. We find the following rule instructive on this point:

B. Generally, what a worker does when he is off-work is of no concern to the employer and the employer has no basis

for holding him accountable for his off-duty conduct. However, *when a worker's off-duty conduct bears such a relationship to his job as to render him unsuitable to continue in his job because of the adverse effect it would have on the employer's operation, such off-duty action would be connected with the work.*

C. *If an employee's duties and responsibilities are such that his actions while off-duty may adversely affect the reputation, public trust, or confidence on which his employer's business is dependent his off-duty misconduct may be connected with the work.*

D. Adjudicators should refer to the following sections of the Policy Rules for guidance on specific off-duty conduct issues:

\* \* \* \* \* \*

■ Violation of law ... R6–3–51490. (Emphasis added). A.C.R.R. R6–3–5185. It is therefore clear that a claimant may be denied unemployment benefits even if he is discharged from employment for strictly off-duty misconduct.

Since appellant's discharge resulted from off-duty misconduct constituting a violation of law, we find Rule R6–3–51490 to be relevant:

1. Discharge from employment may occur because of a worker's alleged violation of a law, public rule of conduct, or refusal to violate a law or public rule. The law may be a civil or criminal statute, a public rule of a duly qualified commission, or other authority which regulates the employer's operation, e.g., Interstate Commerce Commission, Motor Vehicle Division, Corporation Commission, etc.

2. When the discharge is because of the worker's refusal to violate a law or rule, the discharge would be for reasons other than misconduct.

3. When the discharge is because of an alleged violation of law or public rule, the following factors must be considered:

---

5. Rule R6–3–5105 was amended effective February 24, 1982. The above version of the rule was in effect at the time of appellant's discharge.

a. Is the act of which the claimant is accused, or the results of or potential result of such act connected with the work?

b. Did the discharge result from the violation, related acts, or a combination of the violation and related acts?

c. Does the seriousness of the act warrant a finding of misconduct?

4. An act committed on the employer's premises during duty hours usually is connected with the work. An act committed during off-duty hours may be connected with the work if committed on the employer's premises. *An act committed during off-duty hours and away from the employer's premises may be connected with the work if it could reasonably be expected to have a substantial adverse effect on the employer's interest, such as: his reputation, the public's trust, etc. Therefore, when a worker's act bears such a relationship to his job as to render him unsuitable for his work, his act would be connected with the work.* (Emphasis added)

A.C.R.R. R6–3–51490.[6]

■ On appeal, this court views the evidence in a light most favorable to upholding the decision of the appeals board and will affirm that decision if it is supported by any reasonable interpretation of the record. *Warehouse Indemnity Corp. v. Arizona Department of Economic Security,* 128 Ariz. 504, 627 P.2d 235 (App.1981); *Kane v. Arizona Department of Economic Security,* 127 Ariz. 143, 618 P.2d 637 (App. 1980). This court does not sit as a trier of fact in the review of appeals board decisions in unemployment benefits proceedings. *Rogers v. Arizona Department of Economic Security,* 132 Ariz. 138, 644 P.2d 292 (App.1982). The board's legal conclusions, however, are not binding on this court, and we are free to draw our own legal conclusions in determining if the board erred in its interpretation of the law. *Warehouse Indemnity Corp. v. Arizona Department of Economic Security, supra; Ari-*

*zona Department of Economic Security v. Magma Copper Company,* 125 Ariz. 389, 609 P.2d 1089 (App.1980).

■ Having set forth the law to be applied and having reviewed the factual findings below, we find the appeals board's legal conclusion to be supported by the record. The board was justified in finding that appellant's off-duty misconduct was legally connected with his work. Appellant admitted to committing an act seriously tarnishing his character. The board was justified in concluding that appellant's position was one requiring confidentiality and trust. The board could rationally conclude that appellant's misconduct was sufficiently related to his job as to render him unsuitable to continue in his job. Additionally, the board was justified in concluding that appellant's duties and responsibilities were such that his conduct in this case might adversely affect the reputation, public trust or confidence upon which his employer's business is dependent, especially in light of the fact that appellant was employed in a relatively small town and the victim was the Ajo Elks Lodge.

As noted earlier, we will uphold the appeals board decision if supported by any reasonable interpretation of the record. We find the board's decision is amply supported by the record.

The decision of the appeals board is affirmed.

CONTRERAS, P.J., and FROEB, J., concur.

---

6. Rule R6–3–51490 was amended effective October 22, 1981. The above version of the rule was in effect at the time of appellant's discharge.