680 P.2d 841

**SUN VALLEY EXPRESS MOVING AND STORAGE, INC., Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency, Appellee.**

**No. 1 CA–UB 318.**

Court of Appeals of Arizona, Division 1.

April 5, 1984.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee.

Lewis P. Ames, Phoenix, for appellant.

## OPINION

CONTRERAS, Presiding Judge.

This is an appeal from a decision of the Unemployment Insurance Appeals Board (Appeals Board) of the Department of Economic Security (Department). We are presented with the question of whether the Department abused its discretion by refusing to reconsider a liability determination which had become final. We conclude that the Appeals Board did abuse its discretion by reason of its failure to fairly consider its determination in light of the provisions of A.R.S. § 23–724(C) which specifically authorizes the Department "in its discretion [to] reconsider a determination ... which has become final."

The parties are substantially in agreement with respect to the chronology of events. Appellant is engaged in the trucking business and provides a delivery service within the State of Arizona. On August 24, 1981, the Department issued a written notice of liability determination in which it was administratively determined that the services of certain of appellant's truck drivers constituted employment as defined in A.R.S. § 23–615 and that remuneration for such services constitute wages as defined in A.R.S. § 23–622 which must be reported and on which state taxes for unemploy-

ment insurance are required to be paid. This written notice of liability determination was duly sent by certified mail correctly addressed to appellant. The written notice states the "determination becomes final unless written request for reconsideration is filed within fifteen days of the date of this notice as provided in Section 23–724 A.R.S." It is clear from the record that Jeri Morrison, an accounts clerk employed by appellant, signed for this certified mailing and, therefore, the employer received notice. It is similarly clear that a written request for reconsideration was not filed by appellant within fifteen days of the date of the notice.

On January 7, 1982, counsel for appellant hand delivered to the Department a written request for reconsideration of the August 24, 1981 determination. The request acknowledged receipt of the determination by one of appellant's employees but further informed the Department by an affidavit that no responsible officer of appellant was advised of the determination when it was received. The written request stated that it was "made pursuant to A.R.S. § 23–724.-C." and submitted the following pertinent information.

> To the best knowledge of the responsible officers of Sun Valley, the August 24, 1981 determination was not preceded by an opportunity on the part of Sun Valley to furnish complete information pertaining to Sun Valley's treatment of the truck drivers who perform services for Sun Valley and to urge the appropriate

recognition of those truck drivers from the Department's standpoint in light of the fact that Sun Valley operates in accordance with a regulatory scheme administered by the Arizona Corporation Commission.

On January 15, 1982, the Department's chief of contributions issued a document designated as "Untimely Disposition" in which, after briefly setting forth the chronology of events and setting forth the provisions of A.R.S. § 23–724(A) and (E),[1] decided that the August 24, 1981 liability determination became final since a request for reconsideration was not filed within fifteen days of the date of determination. Appellant then filed a petition for hearing.[2] On March 5, 1982 the Appeals Board entered an order assigning the matter to a hearing officer with directions to schedule a hearing, notify appellant of the date, time and place of hearing "together with a statement of the issues to be considered". The hearing officer was also directed to submit written recommendations to the Appeals Board.

The hearing officer issued the prescribed notice of hearing and set forth the issue to be considered as follows:

> Whether Sun Valley Express Moving & Storage, Inc., filed a timely request for reconsideration of the Notice of Liability for Employment or Wages dated August 24, 1981, *as provided in A.R.S. Section 23–724.A* (emphasis added).

---

1. A.R.S. § 23–724(A) and (E) provide:

 A. When the department makes a determination, which determination shall be made either on the motion of the department or upon application of an employing unit, that an employing unit constitutes an employer as defined in § 26–613 or that services performed for or in connection with the business of an employing unit constitute employment as defined in § 23–615 which is not exempt under § 23–617 or that *remuneration for services constitutes wages* as defined in § 23–622, the determination shall become final with respect to the employing unit fifteen days after written notice is served personally or by certified mail addressed to the last known address of the employing unit, unless within such time the employing unit files a written request for reconsideration.

 E. The determination of the department or decision of the appeals board, together with the record therein made, shall be admissible in any subsequent judicial proceeding involving liability for contributions. A determination or decision that an employing unit is liable which has become final shall be conclusive and binding upon the employing unit and shall not be reconsidered in proceedings brought before the department or a hearing officer.

2. A.R.S. § 23–724(D) in part provides that "if ... the appeals board orders a hearing under subsection C of this section, the affected employing unit shall be afforded an opportunity for hearing and thereafter furnished with a decision."

At the hearing, appellant was represented by counsel and the chief of the Department's contributions section appeared on behalf of the Department. At the commencement of the hearing the chief of the contributions section in an opening statement stated that the Department had declined to exercise the discretion granted the Department in A.R.S. § 23–724(C). He further stated that adjustments had been made by the Department following the original liability determination on the basis that certain individuals previously held to be employees were independent contractors for whom the appellant did not have to pay contributions. He also stated that the Department had declined to go any further for enumerated reasons. The opening statement was then interrupted by the hearing officer:

> HEARING OFFICER: I just want to interrupt you. I just want the record to show that our issue today is one of timeliness, whether or not a Request for Reconsideration was timely filed to a determination. What you're addressing now has nothing to do with this current issue of timeliness, directly anyway. You're justifying your failure or your refusal to make another determination retroactively, perhaps, or even prospectively.

Counsel for appellant categorically admitted at the hearing that under A.R.S. § 23–724(A) the August 24, 1981 liability determination became final after fifteen days. It is apparent from the record that counsel for the appellant, pursuant to A.R.S. § 23–724(C), was attempting to present information which it deemed pertinent so that the Department might, in its discretion, reconsider a determination which had become final. Notwithstanding counsel's continued attempts to present such information, the hearing officer refused to consider it and continued to adhere to his previously stated position that all that would be considered was the issue of timeliness.

On July 27, 1982 the Appeals Board, in a proposed decision, determined that the request for reconsideration was untimely and that the liability determination of August 24, 1981 became final, conclusive and binding against appellant. After reviewing exceptions filed by appellant, the Appeals Board approved its proposed decision. The Board subsequently affirmed its decision after considering appellant's request for administrative review. Appellant's application for appeal to this Court was granted. We have jurisdiction pursuant to A.R.S. § 41–1993.

 As pointed out by the Department, our scope of review is limited. This Court does not act as a trier of fact in reviewing administrative decisions, and will affirm the decision of the administrative agency unless it is arbitrary, capricious, or an abuse of discretion. *Thompson v. Arizona Dept. of Economic Sec.*, 127 Ariz. 293, 619 P.2d 1070 (App.1980); *Arizona Dept. of Economic Sec. v. Magma Copper Co.*, 125 Ariz. 27, 607 P.2d 10 (App.1979), vacated on other grounds 125 Ariz. 23, 607 P.2d 6 (1980); *Beason v. Arizona Dept. of Economic Sec.*, 121 Ariz. 499, 591 P.2d 987 (App.1979). In the case presently before us, we are persuaded that there has been an abuse of discretion since it is clear from both the statutory law and the record that, although the Appeals Board has, in the exercise of its discretion, the authority to reconsider a determination which has become final, the Board has failed to even consider whether such discretion should be exercised. The pertinent portions of A.R.S. § 23–724(C) provide:

> C. *Notwithstanding any other provision of law,* the director or appeals board may at the request of an employing unit or on the director's or the appeals board's own motion, initiate hearings to obtain information and require a hearing officer to hold hearings and issue recommendations as to whether an employing unit constitutes an employer ...., *Upon written request and submission of pertinent information, the department may, in its discretion, reconsider a determination,* reconsidered determination or decision *which has*

*become final.* Upon written request and submission of pertinent information, the department shall consider whether a determination, reconsidered determination or decision which has become final should be revised or reversed as to future time periods, wages or services, and the provisions of this section shall apply to the decision made (emphasis added).

It is clear from the record that appellant's January 7, 1982 request for reconsideration of the August 24, 1981 liability determination was predicated upon the express provisions of A.R.S. § 23–724(C). In filing its written request for reconsideration, appellant fully acknowledged that it had not filed a request for reconsideration within 15 days of the date of the August 24, 1981 liability determination as authorized by A.R.S. § 23–724(A). It also appears from the January 7, 1982 written request for reconsideration that appellant was attempting to comply with the provisions of A.R.S. § 23–724(C) with respect to "submission of pertinent information" by its specific reference to A.R.S. § 23–724(C) and the accompanying statement that it wanted the opportunity

> to furnish complete information pertaining to Sun Valley's treatment of the truck drivers who perform services for Sun Valley and to urge the appropriate recognition of those truck drivers from the Department's standpoint in light of the fact that Sun Valley operates in accordance with a regulatory scheme administered by the Arizona Corporation Commission.[3]

Based upon appellant's written request for reconsideration, the Department's Appeals Board entered an order assigning the matter to a hearing officer with directions to schedule a hearing. A hearing was subsequently scheduled. However, and as previously noted, the hearing officer set forth the issue for consideration as follows:

Whether Sun Valley Express Moving and Storage, Inc., filed a timely request for reconsideration of the Notice of Liability for Employment or Wages dated August 24, 1981, as provided in A.R.S. Section 23–724.A.

Clearly, in view of the undisputed chronological sequence of events, this was not the issue which was or should have been considered at that point. It was undisputed that a timely request for reconsideration had not been filed as provided by A.R.S. § 23–724(A). It is likewise undisputed that the January 7, 1982 request for reconsideration was singularly predicated upon the provisions set forth in A.R.S. § 23–724(C). At the hearing, it appears that the chief of the Department's contributions section who appeared on behalf of the Department fully recognized (along with appellant's counsel) that the instant request for reconsideration had been filed by appellant pursuant to A.R.S. § 23–724(C) and that the hearing should proceed to determine whether the Department, in its discretion, should reconsider its determination which, in all other respects, had become final. However, the hearing officer absolutely and abjectly refused to consider any evidence other than that which related to the issue of whether there had been a request for reconsideration within 15 days of the initial determination as provided in A.R.S. § 23–724(A), a fact which was admitted by all parties concerned.

At various times during the hearing, both the Department's representative as well as appellant's counsel attempted to interject the consideration of A.R.S. § 23–724(C). Such attempts were steadfastly rejected by the hearing officer. We therefore reach the inescapable conclusion that the Department did abuse its discretion by reason of its failure to fairly consider whether or not to exercise its discretion to reconsider its August 24, 1981 determination in light of the provisions of A.R.S. § 23–724(C) which specifically authorizes

---

3. Prior to July 1, 1982, appellant operated pursuant to authority granted by a certificate of convenience and necessity issued by the Arizona Corporation Commission. Deregulation took place on that date and no authority from the State of Arizona is required to perform intrastate motor common carriage operations.

the Department "in its discretion [to] reconsider a determination ... which has become final."

Although this is the first occasion in which we have had the opportunity to specifically construe the provisions of A.R.S. § 23–724(C), we have previously stated that A.R.S. § 23–724(C) appeared to provide the Department with authority to reconsider a liability determination which had become final. *See Banta v. Arizona Dept. of Economic Sec.,* 130 Ariz. 472, 636 P.2d 1254 (App.1981). It seems that the legislature, in enacting A.R.S. § 23–724 with its attendant subsections, has set forth the procedural method by which an employer may question the propriety of a liability determination. Pursuant to subsections (A) and (B) of A.R.S. § 23–724, when the request for reconsideration is made within fifteen days after notice of the determination has been made, the employer is entitled, as a matter of right, to a reconsideration of the initial departmental determination. However, this right does not extend to the situation where there has been no such request within fifteen days after notice of the determination has been made. In this latter situation the provisions of A.R.S. § 23–724(C) come into play and "[u]pon written request and submission of pertinent information, the department may, *in its discretion,* reconsider a determination ... which has become final." This is the situation which obtains here, particularly, when it appears from the record that some unilateral departmental adjustments were made between the August 24, 1981 determination and the January 7, 1982 request for reconsideration of determination. Pursuant to the provisions of A.R.S. § 23–724(D) [4], the Appeals Board ordered a hearing under subsection (C). However, the ensuing hearing in no manner whatsoever related to issues raised under subsection (C).

The matter is remanded to the Unemployment Insurance Appeals Board for consideration of the issue of whether, based upon the submission of pertinent information from appellant, the Department should, in its discretion, reconsider its August 24, 1981 liability determination. We express no opinion on the issue of liability other than to point out that this Court's decision in *Dial-A-Messenger v. Arizona Dept. of Economic Sec.,* 133 Ariz. 47, 648 P.2d 1053 (App.1982) may have some bearing in this matter.

FROEB and OGG, JJ., concur.

---

**4.** A.R.S. § 23–724(D) provides:
 D. If petition for hearing or review is filed as prescribed in subsection B of this section or if the director or the appeals board orders a hearing under subsection C of this section, the affected employing unit shall be afforded an opportunity for hearing and thereafter furnished with a decision. The decision shall become final with respect to the employing unit unless petition for judicial review is filed within the time and in the manner provided in § 41–1993.