711 P.2d 621

**ANAMAX MINING COMPANY, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an agency; Edward R. Nava, Appellees.**

**No. 1 CA–UB 427.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 15, 1985.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears by Charles L. Fine, Phoenix, for appellant.

Dix, Rehling & Waterman by J. Stephen Dix, Arthur Gage, Tucson, for appellee Nava.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee Arizona Dept. of Economic Sec.

## OPINION

KLEINSCHMIDT, Judge.

Anamax Mining has appealed from a determination by the Unemployment Insurance Appeals Board of the Department of Economic Security (DES) that the company cannot be represented by a lay employee in matters before the board. Concomitantly, Anamax has appealed from the board's decision on the underlying merits of the employee, Nava's, claim, namely, that he was eligible for unemployment insurance benefits because he had been discharged without any misconduct on his part. We find against Anamax on both issues.

While employed for Anamax, Nava suffered a heart attack. He was placed on the company's non-industrial disability benefit plan. In January, 1983, while he was on disability status, Nava received a letter from the company's labor administrator, Ms. Linda Trice informing him that he had been laid off. Trice's letter advised Nava that a layoff physical had been scheduled and suggested that he contact Anamax in the event he could not keep the appointment. Shortly thereafter, Trice wrote an-

other letter to Nava in which she informed him that he could continue in disability status as long as he was totally disabled. Nava was told that as soon as he was released to return to work by his physician he should contact the personnel office immediately in order to schedule a layoff physical.

On May 23, 1983, Nava hand-delivered to Anamax's personnel office a statement from his physician that as of June 1, 1983, he would be released to return to work. At the time he delivered the release to Anamax's personnel office, neither the company's employee nor Nava mentioned the need to schedule an appointment for a return-to-work physical. Nava filed for unemployment benefits on June 1, stating he had been "laid off after medical release." On June 10, however, the company fired Nava for what it termed was a failure to comply with a collective bargaining agreement requirement that employees were responsible for scheduling layoff physical exams. It is undisputed that Nava had never scheduled a layoff physical.

The DES rejected Nava's claim for unemployment benefits on the ground that he had failed to timely notify Anamax that he had been released by his physician to return to work. On Nava's subsequent appeal to the DES Appeals Tribunal, Anamax was represented by its labor relations administrator, Ms. Trice. The tribunal reversed the deputy's decision, holding that Nava had been discharged for reasons other than work-connected misconduct, and that Nava was entitled to unemployment compensation. At the next administrative stage, the appeals board denied Anamax's request for review of the tribunal's decision because Trice, a layperson, had filed the company's request. The board reasoned that Trice was neither an Arizona attorney nor supervised by one, and concluded that pursuant to Rule 27(a)(4), Rules of the Arizona Supreme Court, one of those conditions had to be met in order for her to participate in proceedings before the board. The board also affirmed the tribunal's decision on the merits of Nava's claim, deciding

he was entitled to unemployment compensation. This appeal followed:

## LAY REPRESENTATION

■ Anamax contends that a corporate employer has the right to be represented by an employee in all DES proceedings, regardless of whether the employee is an attorney or works under the supervision of an attorney. Citing various statutes, the company claims that the Arizona legislature has guaranteed corporate employers the right of self-representation through their employees in DES matters. One of the two statutes which bears on the question is A.R.S. § 23–683(B). It provides:

> An individual claiming benefits or an employer in a proceeding before the department or a court may be represented by counsel or other duly authorized agent. No such counsel or agent for an individual shall either charge or receive for his services more than an amount approved by the department.

Another is A.R.S. § 23–674(B):

> Notwithstanding § 32–261 [statute specifying practice of law by active state bar members only], a party may be represented by a duly authorized agent who is not a member of the State Bar of Arizona.

Still another pertinent proviso is an administrative rule, Ariz.Admin.Rules and Reg. R 6–3–1502(K):

> An interested party may appear for himself in any proceeding before an Appeal Tribunal or the Appeals Board. Any partnership may be represented by any of its members or a duly authorized representative. *Any corporation or other organization may be represented by an officer or an authorized representative.*

(Emphasis added.)

Anamax says that a corporation can only act through its officers or employees. It argues that since A.R.S. § 23–674(B) provides that a party *may* be represented by a duly authorized agent who is not a member of the state bar, it need not be represented by such an agent and instead can be represented by an employee. Anamax seeks to

avoid having to be represented by a "duly authorized agent" to avoid the operation of Rule 27(a)(4), Rules of the Arizona Supreme Court, which provided:

Notwithstanding the provisions of paragraph 3 of this Rule 27(a), any duly authorized agent may represent either an individual claiming benefits or an employer in any proceeding before or under the jurisdiction of the Unemployment Compensation Division of the Department of Economic Security or any successor agency, *provided, however, that an attorney authorized to practice law in the State of Arizona shall be responsible for and supervise such agent.*

Rule 27(a)(4) was amended effective February 1, 1985. The subject matter covered by Rule 27(a)(4) is now found in Rule 31(a)(4)(A).

There are two problems with the company's argument: First, except as provided by Rule 31(a)(4)(C), Rules of the Arizona Supreme Court, which does not apply here, corporations cannot appear before tribunals other than through an attorney. *See, e.g., Ramada Inns, Inc. v. Lane & Bird Advertising, Inc.*, 102 Ariz. 127, 426 P.2d 395 (1967). Second, the company's argument ignores the basic tenet that the practice of law is a matter within the exclusive authority of the judiciary. *Hunt v. Maricopa County Employees Merit System Commission*, 127 Ariz. 259, 619 P.2d 1036 (1980). The Arizona Supreme Court has the authority to determine who shall practice law and under what conditions. After *Hunt* was decided, our supreme court amended Rule 27(a)(4). Under its terms parties to unemployment compensation matters may be represented by a lay agent working under the supervision of an attorney. Because Ms. Trice was not authorized to act in this matter, the appeals board was correct in declining to reconsider the merits of the case. *See State v. Kennedy*, 143 Ariz. 341, 693 P.2d 996 (App.1985) (union representative cannot represent discharged worker before the state personnel board).

While Anamax recognizes that the state cannot be estopped from asserting its lawful rights in the exercise of its governmental functions by the unauthorized acts of its officers, *e.g., Mohave County v. Mohave-Kingman Estates*, 120 Ariz. 417, 586 P.2d 978 (1978), Anamax maintains that the board's requirement of legal counsel is not a lawful right. In light of our reliance on the express language of Rule 31(a)(4)(A), this contention is without merit.

## MERITS

Our resolution of the question about the requirement of legal counsel is reason enough to deny relief to Anamax. Even if that were not so, we would be compelled to find in Nava's favor. The appeals board found that Nava had not been discharged for misconduct and was therefore eligible for unemployment benefits. There is substantial evidence to support this conclusion and we affirm the decision of the appeals board.

An employee is not entitled to unemployment benefits if he voluntarily quits his job without good cause or has been discharged for misconduct. A.R.S. § 23–775. We must affirm if there is substantial evidence to support the decision. *Webster v. State Bd. of Regents*, 123 Ariz. 363, 599 P.2d 816 (App.1979). Applying this standard, we conclude there is substantial evidence to establish that Nava did not voluntarily leave his employment.

In late May, 1983, Nava personally informed the company that his doctor would be releasing him to return to work as of June 1, 1983. Anamax fired Nava for his failure to call Anamax to schedule a "return-to-work physical." Nava testified, however, that normally it is Anamax who sends the employee a letter to inform him as to the date of a physical examination which has been scheduled by Anamax. Although Anamax called a witness to testify that Nava had been discharged for violation of the rule, Anamax never produced a copy of the rule. The employer's witness said that even though the rule was not stated in the agreement itself, it had been

posted on the company bulletin board. Nava testified that no such rule existed or, if it did exist, it had never been communicated to him. Thus, this was, in essence, a conflict of testimony.

We affirm the appeals tribunal's decision because the credibility of witnesses is a matter peculiarly within the province of the trier of facts. *Brevick v. Brevick,* 129 Ariz. 51, 628 P.2d 559 (App.1981). In any event, there is substantial evidence to support the DES determination.

Based upon the foregoing, we affirm.

CONTRERAS and CORCORAN, JJ., concur.