720 P.2d 122

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY,
Plaintiff-Appellee,**

v.

**John Robert SKILLIN, dba Chaparral Van Lines, Defendant-Appellant.**

**No. 1 CA-CIV 7747.**

Court of Appeals of Arizona,
Division 1, Department B.

April 15, 1986.

Reconsideration Denied April 15, 1986.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for plaintiff-appellee.

Morrison, Riley & Morrison by Robert Morrison, Sierra Vista, for defendant-appellant.

## AMENDED OPINION

MEYERSON, Judge.

Defendant-appellant John Robert Skillin acquired a moving and storage business from Movers, Inc. in July, 1980. Movers, Inc. was delinquent in unemployment taxes which it owed to plaintiff-appellee Arizona Department of Economic Security (DES). With penalties and interest, the amount owed to DES was $7047.15.

In October, 1980, DES advised Skillin that he would be subject to the unemployment compensation statutes and that he would be liable for any unpaid taxes, penalties or interest owed by the predecessor employer, Movers, Inc. In April, 1981, Skillin was advised of the exact amount due. When he did not pay, DES filed the present action against him.

The question presented in this appeal concerns A.R.S. § 23–733(D) which provides that a successor employer will be liable for unemployment taxes in the amount unpaid by the predecessor employer but "not to exceed the reasonable value, as determined by [DES], of the organization, trade, business or assets acquired." The trial court granted a motion for summary judgment filed by DES and Skillin has brought this appeal.

### I. A.R.S. § 23–733(D)

Skillin claims that DES failed to administratively determine the reasonable value of the business which he acquired and therefore DES may not now recover the unpaid taxes which were owed to DES by the predecessor employer. DES claims that Skillin failed to exhaust his administrative remedies and that he is now barred from challenging his liability for the unemployment taxes which Movers, Inc. failed to pay.

As noted above, in October, 1980, DES mailed to Skillin a determination of his unemployment insurance liability. This determination had the effect of subjecting Skillin to the employment security laws and imposing liability based upon the delinquency of the predecessor employer. The determination contained a notice that it would become final unless Skillin submitted a written request for reconsideration within fifteen days. A.R.S. § 23–724; A.C.R.R. R6–3–1719 (Repealed Dec. 2, 1983).

■ The determination of unemployment insurance liability mailed to Skillin failed to contain any reference to the amount claimed due. Also, A.R.S. § 23–724(A) provides no procedure for a reconsideration of any decision pertaining to the amount of delinquency taxes owed by a successor employer. Skillin does not dispute the fact that he is a successor employer; nor does he dispute the fact that he may have some liability based upon the delinquency of his predecessor. Skillin disputes the amount of his liability and no reference to that amount was set forth in the October, 1980 determination. Accordingly, we hold that Skillin's failure to request reconsideration from the October, 1980 determination does not constitute a failure to exhaust administrative remedies because that determination failed to specify the amount of unpaid taxes claimed to be owed by Skillin. At this point, there was no basis for Skillin to seek reconsideration of any DES determination.

■ In April, 1981, Skillin was sent a statement of the amounts which were claimed due. The record contains no indication that Skillin brought to the attention of DES his contention that the delinquency exceeded the reasonable value of his business. Although an employer who contends that the liability incurred by the predecessor exceeds the reasonable value of the acquired business should raise the matter before DES, *see Levy v. Arizona Department of Economic Security*, 132 Ariz. 1, 4, 643 P.2d 704, 707 (1982), this is not an administrative prerequisite. And as noted above, A.R.S. § 23–724(A) makes no reference to DES decisions pertaining to the amount of unpaid taxes owed upon the acquisition of a business.* Accordingly, we conclude that neither party is foreclosed from raising the issue of reasonable value in the superior court proceedings.

---

* DES regulations did provide for an administrative review of a determination that a successor business would be liable for a delinquency owed by the predecessor. A.C.R.R. R6–3–1719. The regulation does not purport to establish a proce-

## II. SUMMARY JUDGMENT

DES filed a motion for summary judgment in which it contended that Skillin had failed to exhaust his administrative remedies. As explained above, this contention is in error. Skillin defended the motion, however, on the basis, among other things, that there were disputed issues of fact concerning the reasonable value of the acquired business. Skillin produced the agreement which he entered into with the predecessor employer which indicated that he paid $76,000 for the moving and storage business. He also submitted an affidavit in which he stated that the "reasonable value of the assets he received from the transaction" was the sum of $1600.

■ The trial court granted the state's motion for summary judgment based upon the conclusion that A.R.S. § 23–733(D) "does not limit the value to the physical assets acquired but rather to the value of the entity acquired as a going business." The state's motion for summary judgment and Skillin's response, however, do not address the proper interpretation to be given to the word "assets" as it is used in A.R.S. § 23–733(D). Because the parties' pleadings were not directed at this issue and because Skillin's contract for sale and affidavit raised disputed facts concerning the reasonable value of the acquired business, we reverse the summary judgment granted in favor of DES and remand this matter for further proceedings.

Reversed and remanded.

FROEB, C.J., and CONTRERAS, P.J., concur.

dure for administrative review of decisions regarding the amount of the claimed liability.