772 P.2d 600

**Yolanda AVILA, Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency, Appellee.**

**1 CA–UB 570.**

Court of Appeals of Arizona, Division 1, Department D.

April 18, 1989.

Robert K. Corbin, Atty. Gen. by Frank Sagarino, Asst. Atty. Gen., Phoenix, for appellee.

Community Legal Services by H. Leslie Hall, Phoenix, for appellant.

## OPINION

GREER, Judge.

This is an appeal from the Arizona Department of Economic Security (DES) appeals board's decision denying waiver of recoupment of unemployment benefits overpayments to the claimant. Claimant is a twenty-five-year-old single mother with two children, ages five and one years. Since February 1987, she has worked forty hours per week as a temporary machine operator for Olsten Temporary Services. She makes $5.00 per hour, and her net income after taxes is $673.00 per month.

In August 1985, claimant filed for and received unemployment benefits. Her payments totalled $1,177.00. In November 1985, the employer appealed from the benefits award on the ground that claimant voluntarily left her job. The DES appeals board found for the employer, thus creating an overpayment of benefits to claimant for the full amount of $1,177.00. The claimant did not appeal from this decision, and it became final.

In February 1986, claimant asked DES to waive recoupment of benefits overpayments because of undue hardship. In January 1987, the deputy finally issued his determination that claimant was not without fault in creating the overpayment and held that, therefore, recoupment could not be waived.

On February 11, 1987, claimant appealed the deputy's determination to the DES appeal tribunal. A hearing was set for March 24, 1987. Claimant's counsel, H. Leslie Hall, received notice of the hearing on March 13th and filed a motion for continuance on March 18th, noting that she had been scheduled to attend a conference in Washington, D.C., from March 22nd to 24th and would not be returning until "late the 26th." She further noted in the motion that no one else in the legal services office was familiar with the claimant's situation and that this was her first request for postponement.

Without stating any reason on the record, the tribunal denied the motion for continuance but rescheduled the hearing for March 26, 1987, *knowing* that counsel would not be returning until late that evening and would not be able to attend. The tribunal noted it was aware that Ms. Hall would be out of town, but stated that an-

other Community Legal Services attorney could represent the claimant in her place.

The hearing went forward on March 26th, with Community Legal Services attorney Leslie Sansone appearing with the claimant. She reurged the motion to continue so claimant's counsel of choice could attend, and the tribunal noted the objection to the motion's denial for the record, again stating no reason for not postponing the hearing.

Claimant testified at the hearing; however, most of her testimony regarding income and expenses came through questioning by the tribunal. The tribunal asked claimant how much she made. At one point, claimant asked if the tribunal was asking for her net rate of pay. Mr. Bender of the tribunal said, "No, how much—what's your rate of pay an hour, did you state that it was $5.00 an hour?"

The next day, March 27, 1987, the tribunal issued its decision affirming the denial of the recoupment waiver. It noted claimant had expenses of $505.00 per month; however, neither child care expenses nor taxes were included in this amount. The tribunal did not delineate a gross or net income, but did state claimant was able to repay the overpayment amount back to DES based on these figures.

The claimant filed a petition for review with the appeals board challenging both the tribunal's postponement denial and its finding that she was not without fault, attaching an affidavit with exhibits clarifying her monthly child care and tax expenses. She subsequently filed a supplemental petition for review and request for a fair hearing.

On May 14, 1987, the appeals board rendered its decision on claimant's petition for review and request for a fair hearing. It adopted the tribunal's findings of fact and found no error regarding the denial of the postponement. It did, however, reverse the deputy's determination that the claimant "was not without fault," finding she was not at fault in creating the overpayment. The appeals board refused to consider the affidavit or its exhibits and

affirmed the tribunal's determination that a recoupment waiver should be denied.

Claimant filed a timely request for review, but the appeals board affirmed its decision on July 27, 1987, noting claimant had not submitted any new evidence or evidence which could not have been, through due diligence, presented at the March 26th hearing. It again found no prejudicial error of law "at any hearing or during the progress of this matter." This appeal followed.

## STANDARD OF REVIEW

On appeal, this court is bound by the appeals board's finding of facts unless they are arbitrary, capricious, or an abuse of discretion. *Munguia v. Department of Economic Sec.*, 159 Ariz. 157, 158–159, 765 P.2d 559, 560–561 (Ct.App.1988); *Thompson v. Department of Economic Sec.*, 127 Ariz. 293, 294, 619 P.2d 1070, 1071 (App. 1980). If the decision is supported by substantial evidence, this court will affirm. *Anamax Mining Co. v. Department of Economic Sec.*, 147 Ariz. 482, 485, 711 P.2d 621, 624 (App.1985). However, legal conclusions of the appeals board are not binding on this court. We are free to draw our own legal conclusions in determining if the appeals board properly interpreted the law. *Munguia*, 159 Ariz. at 159, 765 P.2d at 561; *see also Prebula v. Department of Economic Sec.*, 138 Ariz. 26, 30, 672 P.2d 978, 982 (App.1983). An abuse of discretion is characterized by arbitrariness or capriciousness and failure to conduct an adequate investigation into the relevant facts. *See State v. Thomas*, 142 Ariz. 201, 688 P.2d 1093 (App.1984).

## REFUSAL TO GRANT CONTINUANCE

A.A.C. R6–3–1502(H) provides:

Postponement of hearing. At the request of a party or on his own initiative, the hearing officer may order, orally or in writing, that a hearing be postponed. A requested postponement shall be granted if:

1. The request is promptly made after the party receives the notice of

hearing, or after the circumstance requiring postponement arises, and

2. The party has good cause for not attending the hearing at the time and date set. Good cause exists when the circumstances causing the request are beyond the reasonable control of the requesting party, and failure to grant the postponement would result in undue hardship to the requesting party.

We have previously stated:

It is undisputed that an administrative body has broad discretion in determining whether to grant or deny a motion for a continuance.... However, this discretion must be exercised judiciously, and where this discretion has been abused, with resulting prejudice, the action will not be upheld.

*Taylor v. Law Enforcement Merit Sys.*, 152 Ariz. 200, 205, 731 P.2d 95, 100 (App. 1986). *Accord, Martin v. Industrial Comm'n*, 120 Ariz. 616, 618, 587 P.2d 1193, 1195 (App.1978). Claimant cites *Martin v. Industrial Comm'n*, arguing the tribunal abused its discretion in failing to grant the motion for continuance, resulting in prejudice to her.

Claimant's counsel, Ms. Hall, filed her motion for continuance just three business days after she received notice of hearing. Further, she informed the tribunal she was required and had planned to attend a conference in Washington, D.C., and would not be returning until the evening of March 26, 1987. This constituted good cause and was beyond claimant's reasonable control. Moreover, the failure to grant the motion for continuance resulted in undue hardship to claimant because she had to appear before the tribunal with substituted counsel not familiar with her particular situation. Ms. Hall, who was familiar with claimant's case, may well have caught and clarified the questions concerning expenses and net income which were blurred at the March 26th hearing. The tribunal exacerbated its error of denying claimant's motion to continue by arbitrarily and capriciously rescheduling the hearing to a day it knew claimant's counsel of choice could not attend.

## APPEALS BOARD'S FAILURE TO CONSIDER CLAIMANT'S SUPPLEMENTAL AFFIDAVIT AND EXHIBITS

■ Claimant argues that A.R.S. §§ 23–672(C) and 23–674(C) permit the appeals board to take additional evidence and that the appeals board abused its discretion by refusing to consider her affidavit and exhibits. The department, on the other hand, contends that taking additional evidence is discretionary and the board did not abuse its discretion. A.R.S. § 23–672(C) provides:

In any case in which a petition for review of an appeal tribunal decision has been filed by an interested party, the appeals board may affirm, reverse, modify or set aside the decision of the appeal tribunal on the basis of the record in the case *or may order the taking of additional evidence.*

(Emphasis added.) A.R.S. § 23–674(C) further provides:

The tribunal *and the appeals board* may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs.... The tribunal and the appeals board may utilize their experience, technical competence and specialized knowledge in the evaluation of the evidence presented to them....

(Emphasis added.)

In deciding claimant's petition for review, the appeals board stated:

With regard to the additional evidence contained in the Claimant's affidavit, on review, this Board is confined to the record and elects not to allow the introduction of additional evidence into the record unless it can be shown to have been unavailable and with reasonable diligence could not have been produced at the Appeal Tribunal hearing. Here, no such showing has been made, and the Board will not now consider the additional evidence which is offered. The Claimant had ample opportunity to present her evidence at the Tribunal hearing.

On administrative review, the board elaborated on its decision, stating:

In this case, there has been no showing that the proffered additional evidence was unavailable and could not have been produced at the Appeal Tribunal hearing. Therefore, we do not find that our election not to consider the additional evidence offered in this case constitutes either prejudice or error.

We believe the appeals board abused its discretion in refusing to consider claimant's affidavit and exhibits. Because the appeal tribunal wrongly denied claimant's motion to continue, claimant was effectively denied an opportunity to present the evidence contained in her affidavit and exhibits, which was unquestionably material to her claim. The appeals board erred in not considering the evidence.

Accordingly, we reverse the appeals board's decision and remand this case to the appeal tribunal with instructions to conduct a new hearing in which claimant is afforded the opportunity to present all evidence pertinent to her financial situation.

CORCORAN, P.J., and GRANT, J., concur.

NOTE: The Honorable ROBERT J. CORCORAN, Justice of the Arizona Supreme Court, has been authorized by Administrative Order No. 89–3 of the Chief Justice, to participate in the resolution of this case which was previously assigned to him as a judge of the Court or to his department before Thursday, January 5, 1989.