854 P.2d 142

**SUNPOWER OF ARIZONA, INC., Appellant,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, an Agency, Appellee.**

**No. 1 CA–UB 91–0081.**

Court of Appeals of Arizona, Division 1, Department C.

April 1, 1993.

Redesignated as Opinion and Publication Ordered May 20, 1993.

Grant Woods, Atty. Gen. by Robert S. Segelbaum, Asst. Atty. Gen., Phoenix, for appellee.

Leighton H. Rockafellow, Michael G. Ciaccio, Tucson, for appellant.

## OPINION

McGREGOR, Judge.

The issue on appeal is whether the Unemployment Insurance Appeals Board of the Arizona Department of Economic Security (Appeals Board) erred in dismissing the petition for review filed by Sunpower of Arizona, Inc. (Sunpower) because Sunpower failed to comply with the provisions of Ariz.Rev.Stat.Ann. ("A.R.S.") § 23–724.B. We affirm the decision of the Appeals Board.

## I.

On May 14, 1985, the Arizona Department of Economic Security (DES), issued a Notice of Liability to Sunpower. In the notice, DES informed Sunpower that services performed for Sunpower by certain workers constituted employment and that all remuneration paid those workers, whom Sunpower regarded as independent contractors, constituted wages. Sunpower requested reconsideration on May 29, 1985. On June 21, 1988, DES denied the request and issued a reconsidered determination affirming its 1985 determination. The determination advised Sunpower as to the procedures for filing a petition for review and hearing before the Appeals Board pursuant to A.R.S. § 23–724.B. That statute provides:

> The reconsidered determination shall become final with respect to the employing unit thirty days after written notice thereof is served ... unless within such time the employing unit files with the appeals board a written petition for hearing or review. *All contribution and wage reports asserted by the department to be due on or before the date the petition for review is filed including any individuals and amounts in dispute shall be submitted substantially complete, as prescribed by department regulation, prior to the expiration of the thirty day period, if the employer is to be afforded an opportunity for hearing.* The department may for good cause extend the period within which the written petition and reports are to be submitted. Submission of the required reports shall under no circumstances constitute an admission that such reports were due or should have been filed.[1] (Emphasis added.)

---

1. A.R.S. § 23–724.B is implemented by Arizona Administrative Code (A.A.C.) R6–1506.C which states:

    A petition for hearing or review shall be denied if the employer fails to comply with the contribution and wage report requirements of A.R.S. § 23–724 within 30 days of service of a reconsidered determination or disposition.... Upon denial of a petition for hearing or review, the prior reconsidered determination or disposition shall become final.

In its June 21, 1988 decision, DES specifically informed Sunpower that it would not be granted a hearing on review unless it submitted contribution and wage reports for the quarters ending March 31, 1985 through March 31, 1988. DES also informed Sunpower that the reports should include the names, social security numbers and amounts paid to disputed individuals and enclosed necessary forms. DES provided similar information about the quarterly reports to be filed, first in a July 1, 1988 letter, granting Sunpower an extension for filing its petition, and later in a July 18, 1988 letter, denying a second extension request and setting a deadline of August 22, 1988, for filing the petition and the reports.

Sunpower filed its petition for hearing on August 19, 1988. The quarterly contribution and wage reports submitted with the petition, however, did not contain information about the disputed individuals and, in some instances, did not contain the names and other required information for any individuals, although Sunpower acknowledged paying wages during the quarters in question.

In response to Sunpower's motion to dismiss for failure to prosecute, filed on June 28, 1990, DES filed an objection, raising Sunpower's failure to comply with section 23–724.B. On July 18, 1990, the Appeals Board issued a notice of hearing to address the sole issue of Sunpower's compliance with section 23–724.B. On August 8, 1990, Sunpower filed a memorandum supporting its position and attached additional contribution and wage reports to supplement those filed in 1988. Following a hearing on August 28, 1990, the Appeals Board dismissed Sunpower's petition for review because "[Sunpower] did not file substantially complete Contribution and Wage Reports as required, thus failing to comply with the requirements which would afford it an opportunity for hearing."

Sunpower filed a timely request for review and on September 16, 1991, the Appeals Board affirmed its April 11, 1991 decision. Sunpower then filed a timely application for appeal, which this court grant-

ed. We have jurisdiction pursuant to A.R.S. §§ 41–1993 and 12–120.21.

## II.

■ This court will uphold the Appeals Board's findings of fact unless they are arbitrary, capricious, or demonstrate an abuse of discretion. *Avila v. Arizona Dep't of Economic Sec.*, 160 Ariz. 246, 248, 772 P.2d 600, 602 (App.1989). We will review the evidence in a light most favorable to upholding the Appeals Board's decision and will affirm its decision if any reasonable interpretation of the record supports it. *Ross v. Arizona Dep't of Economic Sec.*, 171 Ariz. 128, 129, 829 P.2d 318, 319 (App.1991). We will, however, draw our own legal conclusions in determining whether the Board erred in interpreting the relevant law. *Id.*

## A.

Sunpower contends first that DES interpreted section 23–724.B improperly by requiring Sunpower to submit contribution and wage reports for the designated quarters ending March 31, 1985 through March 31, 1988, because those quarters were not in dispute. We disagree.

■ In interpreting the meaning of a statute, this court looks primarily to the language of the statute and gives effect to the statutory terms according to their commonly accepted meanings, *see* A.R.S. § 1–213, unless the legislature provides a specific definition or the context of the statute indicates a term carries a special meaning. *Mid Kansas Fed. Sav. and Loan Assoc. of Wichita v. Dynamic Dev. Corp.*, 167 Ariz. 122, 128, 804 P.2d 1310, 1316 (1991). If, as here, the statute's language is clear and unambiguous, this court will give effect to the plain language of the statute without recourse to other rules of statutory construction. *Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). We also will accord great weight to an agency's interpretation of statutes and its own regulations. *Capitol Castings, Inc. v. Arizona Dep't of Economic Sec.*, 171 Ariz. 57, 60, 828 P.2d 781, 784 (App.1992).

■ Section 23–724.B clearly and unambiguously states that the employer must file *all reports due on or before the date the employer files its petition for review,* not just those disputed by the employer. Nothing in the statutory scheme suggests the legislature intended to give this language any special meaning. Moreover, DES interprets section 23–724.B to require employers petitioning for review or hearing to file all quarterly reports due, not just those reports involving disputed quarters. *See* A.A.C. R6–3–1506.C. We cannot find and Sunpower does not provide any authority supporting its contention that compliance with section 23–724.B requires filing reports only for the quarters in dispute. We conclude neither DES nor the Appeals Board erred in requiring Sunpower to file all quarterly reports due in order to obtain a hearing or review.

### B.

Sunpower next argues that the contribution and wage reports it filed on August 19, 1988, were "substantially complete" because any deficiencies represented only a fraction of the total information Sunpower supplied to DES for the quarters in question. It contends that no definition of "substantially complete" exists enabling an employer to comply with section 23–724.B. Sunpower also argues that DES erred by failing to inform it prior to August, 1990 that the reports submitted in 1988 were incomplete.

Although Arizona's statutes and Administrative Code do not specifically define "substantially complete," the Code does provide a comprehensive list of the information an employer must include in substantially complete contribution and wage reports. The applicable regulation, A.A.C. R6–3–1703.B, states the reports shall include, but are not limited to:

   a. Total number of employees each month of the quarter on all types of payrolls for the payroll period ...;

   b. Total wages paid in the quarter;

   c. Total wages paid in the quarter which are in excess of the first $7,000 paid to each employee within any calendar year ...;

   d. Total taxable wages paid in the quarter;

   e. A listing of employees which includes each employee's name, social security number, and total gross wages paid that employee in the quarter.

■ Viewing the facts in a light most favorable to upholding the decision of the Appeals Board, we conclude that the contribution and wage reports filed by Sunpower were not substantially complete. Without delineating each deficiency, we note that of Sunpower's thirteen quarterly reports filed for 1985 through 1988, seven quarterly reports omitted numerous disputed and undisputed employees; five quarterly reports counted but failed to provide the names, social security numbers and wages of employees; and Sunpower completely failed to file a third quarter report for 1986. Significantly, Sunpower's president testified that the reports did not list any individual involved in sales for Sunpower during 1985 to 1988. These deficiencies constitute more than a fraction of the total information filed by Sunpower and reasonably support the Appeals Board's findings that Sunpower "did not file substantially complete Contribution and Wage Reports as required."

Sunpower's argument that DES somehow erred in failing to notify it about the deficient reports similarly lacks merit. On three separate occasions, DES identified the quarterly reports due by August 22, 1988, and the June 21, 1988 letter explained the information necessary for complete reports. DES also provided Sunpower the forms necessary to complete the reports. Finally, A.A.C. R6–3–1703 clearly details the information needed to file substantially complete compensation and wage reports.

■ Once Sunpower failed to file substantially complete reports prior to the stated deadline, it lost its opportunity for a hearing. *See* A.A.C. R6–3–1506.C.[2] We

---

2. A.A.C. R6–3–1506.C expressly provides:

A petition for hearing or review *shall be denied* if the employer fails to comply with the

find no authority directing DES to inspect submitted reports and notify an employer of any deficiencies after filing; the responsibility lies with the employer to file substantially complete reports. *See* A.R.S. § 23–724.B. Here, Sunpower does not contend that it lacked the data it omitted from its reports or that it did not understand what information was to be included. Indeed, the Board found that Sunpower was "quite aware of the various omissions." We conclude that Sunpower did not file substantially complete contribution and wage reports and that DES had no duty to inform Sunpower of the deficiencies in its reports.

## C.

◼ Finally, Sunpower argues that DES and the Appeals Board abused their discretion by refusing to admit the supplemental reports Sunpower filed in August 1990 in its belated attempt to comply with A.R.S. § 23–724.B. We disagree.

Section 23–724.B and A.A.C. R6–3–1506.C state that DES *may* extend the period for filing contribution and wage reports beyond the thirty day deadline for "good cause." DES granted Sunpower an initial extension in 1988 and denied a second request, which Sunpower did not challenge.

After Sunpower filed its August 19, 1988 petition for hearing, including incomplete contribution and wage reports, it did not request an opportunity to file supplemental reports until August 8, 1990. Sunpower maintained that its reports were substantially complete as filed in 1988, but asked the Appeals Board to admit Sunpower's supplemental 1990 reports pursuant to section 23–724.B if the Board found the reports incomplete. The Appeals Board's final decision upon review, issued September 16, 1991, stated that the supplemental reports were "not within the statutory provisions of A.R.S. § 23–724(B)."

A.R.S. § 23–672.C provides that the Appeals Board "may" take additional evidence in any case in which a petition for review has been filed. *See also* A.A.C. R6–3–1504.C.2.b (Appeals Board may order the taking of additional evidence). The statute and regulation clearly permit the Board to exercise its discretion in deciding whether to take additional evidence. In its August 1990 memorandum to the Appeals Board requesting an opportunity to supplement the record, Sunpower provided no explanation for its failure to file substantially complete reports. Rather, Sunpower asserted that it felt the additional information was either already on file with DES or that it was not required to be filed.

On appeal, Sunpower now argues that it cooperated fully with DES and the Appeals Board regarding supplementation, that DES would suffer no prejudice from such supplementation,[3] and that late disclosure of the report deficiencies amounts to surprise and excusable neglect under Ariz. R.Civ.P. 60(c).[4]

Sunpower's unsupported assertions before the Appeals Board and on appeal neither justify its failure to comply with the unambiguous filing provisions of A.R.S. § 23–724.B, A.A.C. R6–3–1703.B and A.A.C. R6–3–1506.C nor support Sunpower's claim that the Appeals Board arbitrari-

---

contribution and wage report requirements of A.R.S. § 23–724.... Upon denial of a petition for hearing or review, the prior reconsidered determination or disposition shall become final. (Emphasis added.)

**3.** Sunpower urges this court to apply the factors used in *Brown v. Indus. Comm'n of Arizona*, 154 Ariz. 252, 254, 741 P.2d 1230, 1232 (App.1987), to evaluate the Appeals Board's refusal to admit the supplemental reports. This case is inapposite because it defines the factors used to find "good cause" to relieve a party of sanctions imposed for his failure to appear at an Industrial Commission hearing that the party requested. *See* A.A.C. R4–13–149; A.A.C. R4–13–157. The

Appeals Board's statutory authority to consider additional evidence does not depend on a showing of good cause and therefore does not require this analysis.

**4.** Sunpower does not provide authority, and we are aware of none, to support its assertion that Rule 60(c) applies to decisions of the Appeals Board. Moreover, considering the statutory language concerning the need to file substantially complete reports and the direction given Sunpower by DES, we find no surprise or excusable neglect caused by the actions of the Appeals Board.

ly or capriciously refused to admit supplemental contribution and wage reports filed over two years after the required deadline. We conclude that the Appeals Board did not abuse its discretion in refusing to consider the supplemental reports filed August 8, 1990.

### III.

For the foregoing reasons, we affirm the order of the Appeals Board dismissing Sunpower's petition for hearing.

GARBARINO, P.J., and NOYES, J., concur.