873 P.2d 703

Pablos E. RIOS MORENO,
Appellant/Claimant,

v.

ARIZONA DEPARTMENT OF
ECONOMIC SECURITY,
an Agency,

and

ABCO Markets, Inc., Appellee/Employer.

No. 1 CA–UB 93–0061.

Court of Appeals of Arizona,
Division 1, Department A.

April 21, 1994.

J. Stephen Dix, P.C. by William D. Sheldon, Tucson, for appellant.

Grant Woods, Atty. Gen. by Bonnie E. Elber, Asst. Atty. Gen., Phoenix, for appellee—A.D.E.S.

## OPINION

GRANT, Presiding Judge.

This is an appeal from an Arizona Department of Economic Security ("DES") decision denying a claim for unemployment benefits. DES determined that because ABCO Markets, Inc. ("ABCO" or "the store") discharged appellant for work-related misconduct, he was disqualified for benefits pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 23–775 (Supp.1993). The DES determination rested on a finding that appellant, a non-union employee, should have known about a rule expressed only in a union contract. Because there is no evidence to support the agency's conclusion, we reverse and remand for an award of benefits.

## I. *FACTUAL AND PROCEDURAL HISTORY*

ABCO employed appellant for five and one-half years as a custodian in its Tucson stores. On July 7, 1992, appellant was scheduled to work the midnight to 8:00 a.m. shift. Because a severe storm knocked out the store's power on the evening of July 6, no customers were admitted after 8:00. p.m. The manager closed the store but did not lock the doors. The store was completely dark until 2:30 a.m. on July 7 when partial power was restored. The manager remained in the store during the power failure along with at least two employees, including stock clerks who reported to work for the midnight shift.

Appellant's daughter, Aida Rios Moreno, drove by the store three or four times between 9:30 p.m. and 10:30 p.m. on July 6 and observed that the store was dark and that no one appeared to be inside. She then called the store between 11:00 p.m. and 11:30 p.m. and let the phone ring ten times before hanging up. She redialed but still did not receive an answer after six rings. When appellant awoke to go to work, he asked his daughter to try to call the store again. When that call was unsuccessful, appellant assumed that the store was closed and he did not report for his shift.

Appellant was not scheduled to work again for three days. On July 8, 1992, he testified at a hearing regarding the compensability of a claim he had filed with the Industrial Commission. When appellant returned to work on July 11, 1992, he was terminated pursuant to a directive from ABCO's personnel office in Phoenix. Prior to his termination, he had never been reprimanded for absenteeism or any other disciplinary problems. Appellant's counsel suggests that the termination might have been retaliatory due to appellant's industrial claim against ABCO.

Appellant filed a claim for unemployment benefits. The DES deputy found that ABCO had discharged appellant for misconduct connected with his employment and denied his claim.

Appellant requested and received a hearing before the Appeal Tribunal. ABCO's store manager testified that appellant was terminated because he had missed his shift and had violated a rule contained in ABCO's contract with the union which applied to both union and non-union employees. The rule requires employees to explain their absence from work within twenty-four hours. Those who fail to do so are deemed to have voluntarily quit their employment.

The Appeal Tribunal concluded that appellant had missed his shift for a capricious reason and that ABCO had terminated him for misconduct.[1] Therefore, the Appeal Tribunal affirmed the deputy's denial of benefits. The DES Appeals Board affirmed the Appeal Tribunal's decision, and appellant filed a Request For Review of the Board's Decision.

On review, the Appeals Board concluded that the Appeal Tribunal had erred in finding

---

1. Because the Appeal Tribunal found misconduct based on appellant's absence from his scheduled shift, it did not decide whether appellant's failure to report within twenty-four hours of his absence constituted misconduct.

that appellant had missed work for a capricious reason.[2] The Appeals Board affirmed the denial of benefits, however, based on its determination that appellant should have known that he was required to contact ABCO within twenty-four hours of missing his shift, and that his failure to do so constituted misconduct connected with his employment. We granted appellant's timely Application For Appeal.

## II. *DISCUSSION*

■ This court will uphold the Appeals Board's findings of fact unless they are arbitrary, capricious, or demonstrate an abuse of discretion. *Sunpower, Inc. v. Arizona Dep't of Economic Sec.,* 175 Ariz. 109, 111, 854 P.2d 142, 144 (App.1993). An agency abuses its discretion when it misapplies the law or fails to consider the relevant facts. *Avila v. Arizona Dep't of Economic Sec.,* 160 Ariz. 246, 248, 772 P.2d 600, 602 (App.1989). We view the evidence in the light most favorable to upholding the Appeals Board's decision and will affirm if the decision is supported by substantial evidence. *Id.*

■ When an employer discharges an employee for violating a company rule and contests the employee's claim for unemployment benefits, the employer has the burden of proving that the claimant was discharged for reasons that disqualify the claimant for unemployment benefits. *Ross v. Arizona Dep't of Economic Sec.,* 171 Ariz. 128, 129, 829 P.2d 318, 319 (App.1991); A.A.C. R6–3–51190(B)(2)(b).

■ A claimant is ineligible to receive unemployment benefits if he or she was discharged for willful or negligent misconduct connected with the employment. A.R.S. § 23–775(2). "Misconduct connected with the employment" means any act or omission by an employee which constitutes a material or substantial breach of the employee's duties or obligations under the employment contract, such as violating a company rule without good cause. A.R.S. § 23–619.-01(B)(7) (Supp.1993); A.A.C. R6–3–5101; R6–3–51485 ("[W]hen hired, an employee agrees to abide by the rules of his employ-

er."). The employer must establish that the employee knew or should have known of the rule prior to violating it, and that the rule is reasonable and uniformly enforced. A.A.C. R6–3–51485; *accord Nelson v. Department of Employment Sec.,* 801 P.2d 158, 162 (Utah Ct.App.1990) ("Knowledge requires an explanation of expected behavior or a written policy unless the conduct involved is a 'flagrant violation of a universal standard of behavior.' ") (quoting *Law Offices of D.P. White v. Board of Review,* 778 P.2d 21, 24 (Utah Ct.App.1989)). This definition of misconduct recognizes that although an employee has the responsibility to know the rules governing his or her employment, the employer has the responsibility to communicate those rules in a reasonable manner to the employee.

■ ABCO did not meet its burden of proving that appellant should have known of the rule which required him to contact the store within twenty-four hours of missing his scheduled shift. There was no evidence that ABCO had ever communicated the rule to appellant. The store manager did not know whether appellant had ever been made aware of this rule prior to his termination. Appellant's testimony that he was unaware of this rule stands uncontradicted.

Nor was there any evidence that ABCO communicates the rule to its employees as part of its routine personnel practices. There was no evidence that the rule was expressed anywhere other than in the union contract. ABCO did not post the rule or the union contract for its employees to read. ABCO did not inform its employees about the contract. Although the union did inform its own members, appellant was not a union member and had never seen the contract. He was not aware that the union contract applied to him as a non-union employee.

The store manager testified that he keeps the union contract in his office files and that he would have let appellant read the contract if appellant had asked to see it. This testimony, however, does not support ABCO's position that appellant should have known about the rule. An employee should not reasonably be expected to seek out a contract

2. The appellees have not contested this determination by the Appeals Board.

and be accountable for its contents when the employee does not have any reason to believe that the contract applies to him or her.

Since there was no evidence that appellant had ever been informed of the rule, or even that it was ABCO's routine business practice to inform its non-union employees of the contract's applicability to them let alone its contents, there was no evidence to support the Appeals Board's conclusion that appellant should have known of the rule he was claimed to have violated. *Accord Riley v. Transport Corp. of Am.,* 462 N.W.2d 604 (Minn.Ct.App.1990) (employee's unknowing violation of unstated policy did not constitute willful misconduct for unemployment compensation purposes); *Buscemi v. Unemployment Compensation Bd. of Review,* 87 Pa. Cmwlth. 60, 485 A.2d 1238 (Ct.1985) (reversing finding of misconduct where there was no evidence showing that claimant was aware of absentee policy he violated); *cf. Anamax Mining Co. v. Arizona Dep't of Economic Sec.,* 147 Ariz. 482, 485, 711 P.2d 621, 624 (App.1985) (affirming award of benefits where evidence conflicted as to whether rule was posted or otherwise communicated to claimant). Therefore, the agency abused its discretion in denying appellant's claim for benefits. The decision of the Appeals Board is reversed. We remand this case for an award of benefits.

EHRLICH and VOSS, JJ., concur.