938 P.2d 50

**VIDEO STOP, INC., Appellant,**

v.

**ARIZONA DEPARTMENT OF
ECONOMIC SECURITY,**
Appellee.

No. 1 CA–UB 95–0077.

Court of Appeals of Arizona,
Division 1,
Department C.

April 25, 1996.

Grant Woods, Attorney General by L. Louise Salminen, Assistant Attorney General, Phoenix, for Appellee.

Video Stop, Inc. by Richard Oschmann, Secretary/Treasurer, Tucson, in pro. per.

## OPINION

FIDEL, Presiding Judge.

Video Stop, Inc., the successor to the business of another, appeals from a decision of the Arizona Department of Economic Security ("DES") Unemployment Insurance Appeals Board imposing liability for unpaid principal, penalties, and interest on unemployment taxes that its predecessor owed. We hold that the appeals board erred when it found that DES had made a timely determination of contributions, interest, and penalties that were due.

Our holding rests on the distinction between two letters that DES sent to Video Stop. The first, dated November 19, 1987, and titled "Determination of Unemployment Insurance Liability" ("the 1987 letter"), informed Video Stop that it was found to be a successor to its predecessor's business and would be liable for any unpaid amount that its predecessor owed. The second, dated March 7, 1994 ("the 1994 letter"), informed Video Stop that it was liable for $1,826.90 in principal, penalties, and interest on unemployment taxes owed by its predecessor. We conclude that the obligation was not determined to be due within the meaning of Arizona Revised Statutes Annotated ("A.R.S.") § 23–743(B) until DES issued the 1994 letter, and the 1994 determination did not fall within the three-year time limit of A.R.S. § 23–743(A).

### I.

Appellant Video Stop acquired assets from Sound Barrier Records & Tapes on August 18, 1987, including the lease, leasehold improvements, and the business name. Video Stop submitted a "Status Report—to Determine Unemployment Insurance Coverage" on July 31, 1987. DES replied with the 1987 letter, which found Video Stop to be the successor to Sound Barrier Records & Tapes, and stated that Video Stop "[would] be held liable to [DES] for any unpaid contributions, penalties and interest due from [its] predecessor in accordance with ARS § 23–733(D)." The 1987 letter stated further, "[i]f such unpaid amounts are presently recorded with [DES], or must be estimated, a state-ment showing these amounts will be mailed to you." Video Stop claims that it never received this letter.

DES next wrote to Video Stop more than six years later on March 7, 1994. The 1994 letter stated:

> We recently informed you in a Determination of Unemployment Insurance Liability that as a successor to a liable employer you could be liable for payment of any taxes, interest and penalties unpaid by your predecessor, as provided for in ARS § 23–733.

An accompanying "Notice of Failure to Pay Amounts Due" demanded $1,826.90, including $797.27 in principal, $819.63 in interest, and a $210.00 penalty. On March 9, 1994, Video Stop filed an objection to the finding that it was the successor to the previous business. DES treated the objection as a request for reconsideration, and affirmed its decision. On April 26, 1994, Video Stop requested a hearing before DES's appeals board, protesting both the finding that it was the successor to the previous business and the timeliness of the notice of the amount due. The appeals board affirmed the decision without a hearing. The appeals board then reaffirmed the decision upon review, stating that the statute places no limits on collecting contributions, penalties, or interest "if the Department has made the determination within the statutory period." A timely appeal by Video Stop invokes our jurisdiction under A.R.S. § 41–1993.

### II.

■ Before discussing the inadequacy of the 1987 letter as a determination of contributions, penalties, and interest due, we consider a preliminary issue that the appeals board found dispositive. The appeals board, treating the 1987 letter as the critical document to be appealed, found Video Stop's appeal untimely on the ground that Video Stop had not filed it within fifteen days of service. We reject this conclusion because it was unsupported by any evidence that DES complied with its statutory obligation to serve such documents by certified mail.

A.R.S. § 23–724(A) provides that a liability determination

> shall become final with respect to the employing unit fifteen days after written notice is served ... by certified mail addressed to the last known address of the employing unit, unless within such time the employing unit files a written request for reconsideration.

Arizona Administrative Code Rule 6–3–1404(C), states that a determination of liability is served "on the date it is mailed to addressee's last known address if not served in person."

The appeals board made the following finding of fact:

> On November 19, 1987, the Department issued to the Employer a Determination of Unemployment Insurance Liability that held the Employer a successor to a liable employer. The Determination was mailed to 3673 N. Campbell, Tucson, Arizona, by certified mail, receipt No. P 627 473 955, on November 19, 1987. The certified mail was not returned to the Department.

The record contains no evidence to support this finding. The only indication that the 1987 letter was sent to Video Stop by certified mail is a certified receipt number typed on a line at the bottom of the form letter. The record contains neither a certified receipt nor an affidavit to support DES's contention that the determination was sent by certified mail. Nor did the appeals board conduct a hearing at which DES could have offered testimonial evidence to establish that the determination was sent by certified mail. Absent evidence to support it, the finding of the appeals board was erroneous.

■ Even if DES could establish certified mailing, however, the consequence would be minor in this case. Video Stop would be bound by the determination of its status as successor to Sound Barrier Records & Tapes. But it would retain the ability to contest the timeliness and amount of any specific assessment that DES sought to levy upon it as successor. *See Arizona Dep't of Economic Sec. v. Skillin,* 149 Ariz. 521, 523, 720 P.2d 122, 124 (App.1986). An employer who fails to request review of a status determination is precluded from attacking successor liability, but not precluded from attacking the assessment as improper. The principal subject of this appeal is Video Stop's attack on the 1994 assessment. To that subject we now turn.

### III.

Video Stop claims that DES's request for payment was untimely. *See* A.R.S. § 23–743(A). We agree that A.R.S. § 23–743(A) prevented DES from seeking payment more than six years after the contributions became delinquent.

■ We will affirm an appeals board's decision that "is supported by any reasonable interpretation of the record." *Bowman v. Arizona Dep't of Economic Sec.,* 182 Ariz. 543, 545, 898 P.2d 492, 494 (App.1995). But "[w]e are free to draw our own legal conclusions in determining if the appeals board properly interpreted the law." *Avila v. Arizona Dep't of Economic Sec.,* 160 Ariz. 246, 248, 772 P.2d 600, 602 (App.1989).

The appeals board found that there was no statutory limit on DES's ability to collect past due contributions, penalties, and interest once DES sent the 1987 letter. A.R.S. § 23–743 provides in part:

> A. Except for the provisions of subsection C, additional contributions, payments in lieu of contributions, interest or penalties shall not be determined by the department to be due after three years from the date the contributions, payments in lieu of contributions, interest or penalties became delinquent.
>
> B. If additional contributions, interest or penalties have been determined to be due pursuant to this chapter and rules prescribed by the department within the statutory time limits, there is no time limit for collecting contributions, payments in lieu of contributions, interest or penalties.

The 1987 letter contained the following language:

> [Y]ou will be held ... liable to this Department for any unpaid contributions, penalties and interest due from your predecessor in accordance with ARS § 23–733(D). If such unpaid amounts are presently re-

corded with the Department, or must be estimated, a statement showing these amounts will be mailed to you.

The appeals board found that the 1987 letter had "determined [additional amounts] to be due" for purposes of A.R.S. § 23–743(B). It therefore concluded that there was no time limit for collecting additional obligations. The appeals board also found "no accident or surprise in the proceedings which could not have been prevented by ordinary diligence."

■ We cannot agree with the conclusion that DES complied with A.R.S. § 23–743(A) merely by sending a form letter that conditionally imposed liability on Video Stop. Contributions, penalties, and interest cannot be "determined by the department to be due" until DES has determined that the successor employer is actually—not possibly—liable for a specific amount. *See* A.R.S. § 23–743(A). Although the 1987 letter stated that Video Stop would be liable for "*any* unpaid contributions, penalties and interest due from [its] predecessor," it did not inform Video Stop whether in fact any such payments were due. Given the conditional language of the 1987 letter, its failure to specify any payment to be made, and its indication that a statement would follow if there were unpaid amounts to be paid, the 1987 letter lacked the specificity to qualify as a determination that contributions, penalties, or interest were due.

■ DES argues that Video Stop had the burden under A.R.S. § 23–733(E) to request a statement specifying any amounts due. Section 23–733(E) indeed obliges DES, "[o]n written request, ... [to] furnish the successor with a written statement of the amount of contributions, interest and penalties due or accrued and unpaid by the predecessor employer as of the date of ... acquisition." And a successor might well be prudent to request such a statement in the course of acquiring a business in order to appreciate an area of debt that the acquisition might entail. We disagree, however, that section 23–733(E) relieves DES of the obligation to give timely notice of amounts due in order to initiate collection from a successor. Further, the 1987 letter was not phrased to put a

successor on notice that it should request a statement under section 23–733(E). Rather, it was phrased to lead a reasonable recipient to expect DES to mail a prompt follow-up statement setting forth the amount of any outstanding obligation if DES ultimately concluded that some amount were due.

In summary, we hold that A.R.S. § 23–743(A) requires DES to determine the amount due from an employer within "three years from the date the contributions, payments in lieu of contributions, interest or penalties became delinquent" and that A.R.S. § 23–743(B) applies only after DES has issued a collection notice and a statement of unpaid predecessor taxes within the three-year statutory period. Because DES failed to act within that period, it cannot now collect past due amounts from Video Stop.

For the foregoing reasons, the decision of the DES appeals board is reversed.

LANKFORD and SULT, JJ., concur.