733 P.2d 1129

**Viola M. HAINES, Plaintiff-Appellant,**

**v.**

**POLICE PENSION BOARD OF CITY OF PHOENIX and Patricia Cochran, Administrative Secretary, Defendants-Appellees.**

**Nos. 1 CA–CIV 8680, 1 CA–CIV 8744.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 9, 1986.

Review Denied March 11, 1987.

---

John C. Hughes, Phoenix, for plaintiff-appellant.

Napier & Jones, P.C. by Robert E. Jones, Jr., Phoenix, for defendants-appellees.

## OPINION

MEYERSON, Judge.

This case involves an appeal from summary judgment granted in favor of defendant-appellee City of Phoenix Police Pension Board (Board). George Haines, husband of plaintiff-appellant Viola M. Haines, served as a policeman with the Phoenix Police Department from 1926 until his retirement in 1947. He died in 1983 of natural causes. Haines retired under the terms of the Police Pension Act of 1937 (Act). Ariz.Code Ann. §§ 16–1801–22 (1939). Under its provisions, Mrs. Haines was not entitled to a widow's pension upon her husband's death. *See* Ariz.Code Ann. § 16–1808(d) (1939). In 1952, the legislature amended the Act to provide that a surviving widow was entitled to receive a pension equal to two-thirds of the monthly pension paid to her spouse (if the spouse died from any cause after twenty years service). Ariz.Code Ann. § 16–1808(d) (Supp.1952). In this appeal, we must determine whether Mrs. Haines is entitled to the benefits of the 1952 amendment even though her husband retired in 1947.

When Mr. Haines died, his wife applied to the Board for a widow's pension. Despite its contention on appeal that Mrs. Haines is not entitled to benefits, in accordance with its prior practice, the Board granted her a pension of one-third of the amount received by Mr. Haines. Mrs. Haines claimed entitlement to a two-thirds pension in accordance with the 1952 amendment and ultimately brought suit against the Board. In granting summary judgment in favor of the Board, the trial court stated that the 1952 amendment "clearly applies only to those members retiring after its effective date.... There is no hint anywhere in the statute that the Legislature intended these benefits to apply retroactively to members who retired prior to 1952."

The 1952 amendment to the Act reads, in pertinent part, as follows:

(b) Any member of the police department whose membership began prior to July 1, 1952 and who serves such department twenty [20] years in the aggregate may, upon application be retired, and shall be paid, during his lifetime, a monthly pension....

.     .     .     .     .

(d) Upon the death, from any cause, of a member retired under the provisions of paragraph (b) of this section ... if such member shall leave surviving a widow ... a monthly pension shall be paid ... [t]o the widow....

Ariz.Code Ann. § 16–1808(b), (d) (Supp. 1952) (current version at A.R.S. §§ 9–925(A), –927(A)). Only where a statute is ambiguous or unclear should a court engage in statutory interpretation. *State v. Sweet*, 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985). If a statute is ambiguous, it is necessary to look to the legislative intent behind the statute. *Id.* at 270, 693 P.2d at 925. The converse is equally true. If there is no ambiguity, a court will look to the clear wording of the statute to determine its effect and meaning. Further, a statute will have prospective operation unless the legislature has expressly declared an intent in the statute that it apply retroactively. A.R.S. § 1–244.

We hold that as to police officers who began employment prior to July 1, 1952, the pension benefits of the 1952 amendment apply only to those members of the police department who retired after that date. The words "and who serves" and "may ... be retired" clearly restrict the terms of the statute to those police officers who retired after July 1, 1952. Furthermore, as the statute expressly indi-

cates, benefits under the 1952 amendment were applicable only to a "member" of a police department who was employed prior to July 1, 1952. "[M]ember" was defined as a "member of the police department." Ariz.Code Ann. § 16–1802 (1939) (current version at A.R.S. § 9–911(6)). As noted above, Mr. Haines retired in 1947 and was therefore not a member of the police department in 1952. Because a widow's benefits are tied to the status of her spouse, Ariz.Code Ann. § 16–1808(d) (1939), Mrs. Haines is not entitled to claim a widow's pension pursuant to the 1952 amendment.

The judgment of the trial court is affirmed.

GRANT, P.J., and KLEINSCHMIDT, J., concur.