885 P.2d 1130

GOLDEN EAGLE DISTRIBUTORS, INC., Appellant,

v.

ARIZONA DEPARTMENT OF ECONOMIC SECURITY,

and

Jose A. Lucero, Appellees.

No. 1 CA–UB 93–0118.

Court of Appeals of Arizona, Division 1, Department C.

Dec. 8, 1994.

Raven, Kirschner & Norell, P.C. by Barry Kirschner, Tucson, for appellant.

Grant Woods, Atty. Gen. by Bonnie E. Elber and Terrance R. Harris, Asst. Attys. Gen., Phoenix, for appellee Agency.

Jose A. Lucero, in pro. per.

## OPINION

CLABORNE, Presiding Judge.

Golden Eagle Distributors, Inc. ("the Appellant") appeals the decision of the Department of Economic Security Appeals Board ("the Board") granting unemployment insurance benefits to Jose A. Lucero ("the Claimant"). The issue is whether the Board erred in holding that a truck driver who was discharged for testing positive for cocaine during his workday should receive unemployment insurance benefits when federal law prohibits employers from allowing someone who has tested positive to operate a motor vehicle. We hold that the Board did err and therefore reverse.

### FACTS AND PROCEDURE BELOW

On August 19, 1991, the Claimant tested positive for cocaine approximately seven hours into his workday. Consequently, the Appellant discharged the Claimant from his position as a truck driver. The Appellant had a rule that allowed for immediate discharge for "[u]sing, being in possession of, or

being under the influence of narcotics, intoxicants, illegal drugs, or hallucinatory agents during working hours, or reporting to work under such conditions."

The Claimant applied for unemployment insurance benefits. On September 14, 1991, the determination of the deputy disqualified the Claimant from unemployment insurance benefits for misconduct connected with the employment. On November 6, 1991, the Department of Economic Security Appeals Tribunal ("the Tribunal") affirmed the determination of the deputy saying that the Claimant was disqualified for misconduct connected with the employment for violating a reasonably imposed and communicated company rule.

On April 21, 1992, the Board reversed, saying that the Tribunal erred in concluding that a positive drug test is sufficient evidence to establish that the Claimant was "under the influence of intoxicants" where no other evidence supported that conclusion. The Board held that (1) the Appellant did not meet its burden of proof that it discharged the Claimant for disqualifying reasons, Arizona Administrative Code ("A.A.C.") R6–3–51190(B)(2)(b); (2) the Claimant was discharged for reasons other than misconduct in connection with the employment and therefore qualified for unemployment insurance benefits; and (3) the Appellant's experience rating account was subject to charges for any benefits paid to the Claimant. On July 15, 1993, the Board affirmed its prior decision.

The Appellant timely appealed. We have jurisdiction pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") section 41–1993 (1992).

### DISCUSSION

 "This court views the evidence in a light most favorable to upholding the decision of the [B]oard and will affirm that decision if it is supported by any reasonable interpretation of the record." *Ross v. Arizona Dep't of Economic Sec.*, 171 Ariz. 128, 129, 829 P.2d 318, 319 (App.1991) (citation omitted). We also accept the Board's factual findings if they are supported by any reasonable interpretation of the record. *Avila v. Arizona Dep't of Economic Sec.*, 160 Ariz. 246, 248, 772 P.2d 600, 602 (App.1989); *Prebula v.*

*Arizona Dep't of Economic Sec.*, 138 Ariz. 26, 30, 672 P.2d 978, 982 (App.1983). Although an agency's interpretation of a statute or its own regulations is entitled to great weight, *Capitol Castings v. Arizona Department of Economic Security*, 171 Ariz. 57, 60, 828 P.2d 781, 784 (App.1992), this court determines whether the board properly interpreted the relevant law. *Ross v. Arizona Dep't of Economic Sec.*, 171 Ariz. at 129, 829 P.2d at 319; *Munguia v. DES*, 159 Ariz. 157, 159, 765 P.2d 559, 561 (App.1988).

*Federal Regulations Concerning Drug Use*

The Federal Highway Administration Department of Transportation has enacted federal motor carrier safety regulations. *See* Code of Federal Regulations, Title 49, Chapter III. These regulations discuss when a driver is disqualified from driving a motor vehicle based on drug use. A motor carrier cannot require or permit someone to drive a motor vehicle unless that person is qualified to drive a motor vehicle. 49 C.F.R. § 391.11(a). A person is qualified to drive a motor vehicle if he is physically qualified to drive a motor vehicle. 49 C.F.R. § 391.11(b)(6). A person is not physically qualified to drive a motor vehicle if that person tests positive for cocaine. 49 C.F.R. § 391.41(b)(12). Furthermore, a person who tests positive for cocaine is medically unqualified to drive a motor vehicle. 49 C.F.R. § 391.95(c).

Here, the Appellant complied with the federal mandate to randomly conduct drug tests. *See* 49 C.F.R. § 391.93 (federal law requires all motor carriers to implement drug testing programs). The Claimant tested positive for cocaine and the Appellant consequently discharged him because (1) the Claimant was no longer qualified to operate a motor vehicle, and (2) the federal regulations prohibited the Appellant from using the Claimant as a driver because he had tested positive for cocaine. The issue then is whether failing a federally mandated drug test should preclude a claimant from receiving unemployment insurance benefits where federal law prohibits the employer from using someone who has tested positive for cocaine.

Both parties cite *Weller v. Arizona Department of Economic Security*, 176 Ariz. 220, 860 P.2d 487 (App.1993). *Weller* is not controlling because it involved a heavy equipment operator, not a driver for a motor carrier, and consequently did not involve federal regulations. It merely dealt with the reasonableness and work-relatedness of a company rule that had been violated.

Both parties also cite *Farm Fresh Dairy, Inc. v. Blackburn*, 841 P.2d 1150 (Okla.1992). There, a motor vehicle driver tested positive for drug use. The court held that testing positive for marijuana was "misconduct connected with his work," so as to justify denial of unemployment compensation benefits, and the employer was not required to show impairment or strange conduct on the job.

In *Blackburn*, passing a drug test was an agreed condition of employment. In our case, that was not so. Rather, the only agreed condition of employment here was that the workers would not use, be in possession of, or be under the influence of narcotics, intoxicants, illegal drugs, or hallucinatory agents during working hours, or report to work under such conditions. Thus, *Blackburn* is distinguishable from our case.

Nonetheless, the court in *Blackburn* said that the goal of the federal regulations requiring mandatory drug testing is "to ensure a drug free transportation environment which in turn will reduce accidents and casualties in motor carrier operations." *Blackburn*, 841 P.2d at 1152 (quoting 53 Federal Register as 47135). Public policy is especially demanding where the federal regulations are designed to protect the motoring public as well.

While failing a federally mandated drug test may justify an employer in terminating an employee, it does not necessarily justify disqualifying that employee from receiving unemployment insurance benefits. *See Arizona Dep't of Economic Sec. v. Magma Copper Co.*, 125 Ariz. 389, 394, 609 P.2d 1089, 1094 (App.1980) (misconduct justifying an employer in terminating an employee and misconduct disqualifying an employee from benefits are two distinct concepts). We therefore must look to the Arizona statutes

and regulations to determine whether the Appellant's inability to use the Claimant as a driver because of the positive drug test makes the Claimant's actions "connected with the work." A.R.S. section 23–619.01 (Supp.1993); *Weller.*

## Arizona Unemployment Insurance Benefits Analysis

■■■ The Appellees argue that before the Claimant can be disqualified from benefits, the Appellant must prove that the positive drug test was "connected with the work." *See* A.R.S. § 23–619.01(A) * (individual disqualified for benefits when he has been discharged for misconduct connected with the employment); A.A.C. R6–3–51270 (discharge for intoxication off the job is not disqualifying unless it can be shown that a claimant's off-duty intoxication is connected with his work); A.A.C. R6–3–51485 (employee discharged for violating company rule is considered discharged for misconduct connected with the work when the rule is reasonable, uniformly enforced, and known or should have been known); A.A.C. R6–3–51490 (worker discharged for alleged violation of public law or rule will be found to have been discharged for misconduct provided the act amounted to misconduct connected with the work).

### Connected with work.

A.R.S. section 23–619.01(A) defines misconduct connected with the employment to include "any act ... by an employee ... which adversely affects a material or substantial interest of the employer."

Rules promulgated by the Department of Economic Security pursuant to A.R.S. section 41–1954(A)(3) (Supp.1993) further provide that a disqualification for misconduct is assessed "only when a claimant's discharge is determined to be in 'connection with the work.'" A.A.C. R6–3–5185(A). Subsection

B of that section says that "what a worker does when he is off work is of no concern to the employer and the employer has no basis for holding him accountable for his off-duty conduct. *However, when a worker's off-duty conduct bears such a relationship to his job as to render him unsuitable to continue in his job because of the adverse effect it would have on the employer's operation, such off-duty action would be connected with the work.*" (Emphasis added.)

Here, the off-duty cocaine use rendered the Claimant unsuitable to continue in his job because of the adverse effect it would have on the employer's operations. The Claimant's failure of the federally mandated drug test disqualified him from operating any commercial motor vehicle. Furthermore, the Appellant would have been in violation of the federal regulations had it allowed the Claimant to continue driving a truck. Therefore, the Claimant's actions are connected with his work because they adversely affected the employer's interests.

### Intoxication and use of intoxicants.

A.A.C. R6–3–51270(B) says "[a] discharge for intoxication off the job is not disqualifying unless it can be shown that a claimant's off-duty intoxication is connected with his work." As we said, the Claimant's actions were connected with his work. Therefore, the discharge for intoxication off the job is disqualifying and the Claimant should not have been awarded unemployment insurance benefits.

### Violation of company rule.

■■■ The Appellant also argues that the Claimant's positive test for cocaine was in violation of the company rule against drug use and that the Claimant should therefore not receive benefits because he was discharged for misconduct connected with the

---

* The legislature amended A.R.S. section 23–619.01(B) to include as "wilful or negligent misconduct connected with the employment ... [f]ailure to pass ... a drug test ... administered by, or at the request of, the employer." The legislature enacted this amendment after the events in this case occurred. Furthermore, the amendment deals with substantive rather than

procedural rights. Therefore, it does not apply retroactively to govern this case. *See* A.R.S. § 1–244 (1989); *State ex rel. Miller v. Beardsley Indus. Property,* 173 Ariz. 19, 24, 839 P.2d 439, 444 (App.1992); *Haines v. Police Pension Bd. of City of Phoenix,* 152 Ariz. 546, 547, 733 P.2d 1129, 1130 (App.1986).

work. *See* A.A.C. § R6–3–51485 (Supp. 93–4). We disagree.

The company rule allows for immediate discharge for "[u]sing, being in possession of, or being under the influence of narcotics, intoxicants, illegal drugs, or hallucinatory agents *during working hours,* or reporting to work under such conditions." (Emphasis added.) The company rule does not allow for immediate discharge for testing positive for cocaine while at work. The Appellant did not provide evidence, other than the positive drug test, that the Claimant was using, in possession of, or under the influence of drugs *during working hours.* We agree with the Board that a positive drug test alone is not sufficient for the Appellant to meet its burden of proving that the Claimant was under the influence of drugs and thereby in violation of the company rule. See A.A.C. § R6–3–51190(B)(2)(b) (Supp. 93–4).

Again, both parties cite *Weller,* in which this court discussed when violation of a company rule regarding drug testing will disqualify an employee from receiving unemployment benefits. We held in *Weller* that violation of an employer's rule disqualifies an employee from unemployment benefits only if the rule is work-connected and reasonable. We need not address those requirements here, however, because as we have said, there is insufficient evidence that the Claimant violated the company rule.

*Blackburn* also does not apply here because that case involved a situation in which testing negative for drug usage was an agreed requirement of continued employment. Here, the company rule only required the employee to refrain from taking drugs or being impaired by drugs while at work, which the employer did not prove.

## CONCLUSION

■ We therefore hold that where an employer shows that it discharged an employee for failing a drug test, which was mandated by federal law for the protection of the employees and, more importantly, of the general public, the former employee is disqualified from receiving unemployment insurance benefits if the positive drug test disqualified the employee from continuing to work in his normal capacity.

Reversed.

LANKFORD and VOSS, JJ., concur.