Argued and submitted December 23, 1994, reversed and remanded for
reconsideration February 15, 1995

BURNS BROS., INC.,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Craig A. Clark,
*Respondents.*

(93-AB-2376; CA A81865)

890 P2d 423

Dian R. Rogers argued the cause for petitioner. On the
brief were Jeffrey M. Batchelor and Christopher C. Brand and
Lane Powell Spears Lubersky.

Philip Schradle, Assistant Attorney General, waived
appearance for respondent Employment Division.

No appearance by respondent Craig A. Clark.

Before Warren, Presiding Judge, and Edmonds and
Landau, Judges.

EDMONDS, J.

## EDMONDS, J.

Employer appeals a decision of the Employment Appeals Board in which it ruled that claimant was not discharged for misconduct connected with work and, therefore, is entitled to unemployment compensation benefits. ORS 657.176(2)(a). We review for errors of law, ORS 183.482-(8)(a), and reverse.

Employer is an interstate motor carrier and transports petroleum and chemical products throughout the western United States. Claimant worked for employer as a truck driver from 1979 to April 20, 1993. His duties included driving for employer on both in-state and out-of-state trips. On the long distance trips, employer gave claimant cash advances for business expenses such as motels, meals and truck repairs. On those trips, claimant generally spent some of the money on personal expenses such as books, tapes and gifts and would then reimburse employer for the money used for his personal expenses before his next trip. Toward the end of his employment, a pattern began to develop; claimant would report to employer that he was unable to reimburse employer for the money spent on personal expenses. As a result, employer's supervisor became suspicious that claimant had spent the money either on gambling or drugs.

On April 5, 1993, claimant swerved his truck to avoid hitting a deer while on an in-state trip and, as a result, hit a highway abutment. The truck was damaged. Claimant notified employer and arranged for the truck to be towed. Because the truck was out of service, claimant did not report to work on April 6 or 7. On April 6, claimant's supervisor called him and directed him to take a drug test on the following day. Employer ordered the test because of the accident and its prior suspicions. Claimant tested positive for amphetamines and, as a result, he was discharged. Later, claimant applied for unemployment benefits, which employer opposed on the basis that it had discharged him for misconduct connected with work.

The Board applied OAR 471-30-130(9),[1] and concluded:

---

[1] OAR 471-30-130(9) provides, in part:

"At present, drug tests cannot determine whether an individual is under the influence of drugs. Tests can only establish whether drugs are present in the

"The employer discharged claimant because he failed a drug test. It was undisputed that proper sampling and confirmation procedures were followed. However, we are not persuaded that a preponderance of the evidence indicates that claimant was under the influence of drugs *on the job*." (Emphasis supplied.)

The Board also concluded that employer had no reasonable grounds to test claimant under OAR 471-30-130(2)(a). It said:

"The employer did not show claimant had suffered from prior drug impairment on the job, repeated tardiness or a substantial loss of productivity. The only accident identified in this record was one which did not result in personal injury. Like the [referee], we are not persuaded that claimant's personal expenditure of the employer's advances was bizarre. Apparently, claimant's supervisor did not either, as he had allowed claimant to engage in that behavior for four years. Therefore, the employer had no reasonable grounds to test claimant and the resulting test was unreasonable."

As a result of its conclusions, the Board granted unemployment benefits to claimant.

On review, employer makes two assignments of error: (1) The Board erred because it applied the wrong administrative rule, and (2) in deciding whether he was discharged for misconduct connected with work, the Board erred in refusing to consider applicable federal regulations. Regarding the first assignment, employer argues that the Board should have applied OAR 471-30-038(3)(c), which provides:

"The willful or wantonly negligent failure to maintain a license, certification or other similar authority necessary to the performance of the occupation involved is misconduct, so

---

individual's body. Consequently, before benefits are denied for failing a drug test it should be shown that:

"(a) Proper testing and confirmation procedures have been followed;

"(b) Except as provided in section (7) of this rule, a preponderance of the evidence indicates the individual was under the influence of drugs on the job; and

"(c) When the requirements of (a) and (b) of this section are met, the following apply:

"(A) Discharge: If an employee is discharged for failing a drug test and a preponderance of the evidence indicates that the employee was under the influence of drugs on the job, it is a discharge for misconduct."

long as such failure is reasonably attributable to the individual."

Instead, the Board applied OAR 471-30-130(2)(a) and OAR 471-30-130(9). Second, employer then asserts that claimant was in violation of federal rules and regulations promulgated by the federal Department of Transportation, which govern claimant's conduct as an interstate truck driver and, as a result, claimant could not perform his duties lawfully. However, employer was not permitted to put on evidence of those facts. Employer concludes that, had the referee permitted the introduction of evidence about the effect of the federal rules on claimant's duties, the Board would have determined that misconduct occurred under OAR 471-30-038(3)(c), and that claimant was ineligible for benefits.

Initially, we recognize that this case is different from the facts in *Glide Lumber Prod. Co. v. Emp. Div. (Smith)*, 86 Or App 669, 741 P2d 907 (1987), and *Sun Veneer v. Employment Div.*, 105 Or App 198, 804 P2d 1174 (1991), in that the claimant's work duties may be subject to federal administrative regulations.[2] The announced purpose of the federal rules applicable to interstate truck drivers is to "detect and deter the use of drugs by bus and truck drivers." 53 Fed Reg at 47,135. We specifically noted in *Sun Veneer v. Employment Div., supra*, that certain occupations could invoke safety concerns that may preclude workers from having any intoxicating substances in their systems at any time because "off duty drug use [is] intrinsically connected with their [job]

---

[2] We note that, on November 21, 1988, the Federal Highway Administration (FHWA), published its final drug testing regulations. 53 Fed Reg at 47,151 (1988) (codified as 49 CFR §§ 391.81-.123 (1989)). The FHWA discussed the goal of the regulations. 53 Fed Reg at 47,135. It said:

"The overall goal of the required testing is to ensure a drug-free transportation environment which, in turn, will reduce accidents and casualties in motor carrier operations.

"*Under this rule, a driver may not use controlled substances on or off duty.* In this rule, the terms 'controlled substances' and 'drugs' are synonymous. If controlled substance use is detected, an individual is unqualified to drive a commercial motor vehicle involved in interstate commerce. A driver could not be hired or used if he/she has a confirmed positive drug test as a result of a preemployment, periodic reasonable cause, post-accident or random test. *In all cases of a positive test, the driver is medically unqualified until such time as the driver no longer uses controlled substances, tests negative for controlled substances, and is medically recertified.*" (Emphasis supplied.)

performance." 105 Or App at 204. The facts in this case may present such an issue.

At the hearing, employer sought to offer testimony about the applicability of the federal regulations to claimant and claimant's knowledge of them. The referee refused to allow employer to elicit that evidence. On review, the Board did not respond to employer's argument that the referee erred in that regard. That was error. In the light of the fact that the evidence shows that claimant's duties included driving out of state, the evidence about the federal regulations may be germane to the question of whether OAR 471-30-038(3)(c) is implicated. On remand, the Board should consider employer's argument and what impact, if any, the regulations have on claimant's eligibility for unemployment benefits.[3]

Reversed and remanded for reconsideration.

---

[3] Other states, as well as a federal court, have addressed the impact of the federal regulations on state unemployment laws and have concluded that the federal rules preempt state law regarding off-duty use of controlled substances. *See Yellow Freight System, Inc. v. Amestoy*, 736 F Supp 44 (D Vt 1990); *Golden Eagle Distributors, Inc. v. Arizona Department of Economic Security*, 885 P2d 1130 (Ariz App 1994); *Farm Fresh Dairy, Inc. v. Blackburn*, 841 P2d 1150 (Okl 1992).